UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA, | No. C 10-2424 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| CITY OF SANTA CLARA; et al., | |
| Defendants. | |

## INTRODUCTION

Daniel C. Garcia, an inmate currently at the Riverside County Jail in Indio, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Garcia alleges that, on May 23, 2008, he was arrested by officers of the Santa Clara Police Department while he was at the Marriott Hotel throwing a party. He alleges that the police came to his hotel room door in the early morning hours and told him to leave the hotel. As he "started to discuss the matter, the police officers threw him to the floor, beat him, and arrested him. Plaintiff was taken to the police car, where he was beaten again." Complaint, p. 3. Garcia further alleges "upon information and belief that it is the policy, practice and custom of Defendants City [of Santa Clara] and [chief of police Stephen] Lodge and other personnel employed in a supervisory position, to tolerate, urge, encourage, support and ratify members of the Santa Clara Police Department to beat and falsely arrest persons." Id. at 4.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations omitted). Liberally construed, the complaint's allegations that Santa Clara police officers beat Garcia while arresting him states a cognizable claim for a Fourth Amendment violation.

It appears that plaintiff does not know the names of the police officers and has sued them as Doe defendants. See Complaint, p. 2. It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to a plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names. Garcia must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court

in an amendment to his complaint that explains what each such person did or failed to do that caused a violation of his constitutional rights. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. The court will give plaintiff three months to find and provide the true names of these individuals so they may be served with process; if he does not provide the information by the deadline, they will be dismissed without prejudice.

Liberally construed, the complaint also states a claim for false arrest. See generally Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) (officer does not violate Fourth Amendment by arresting individual when he has probable cause); Michigan v. Summers, 452 U.S. 692, 700 (1981) (an arrest is unlawful unless there is probable cause to support it). As with the excessive force claim, it is necessary for plaintiff to provide the names of the individual defendants for this claim or they will be dismissed without prejudice.

Liberally construed, the complaint also states a state law claim for negligence against the Doe defendants, as the complaint alleges the defendants had a "duty of care to avoid causing unnecessary physical harm and distress in the exercise of their duties and law enforcement function," and failed to comply with that standard of care. As with the excessive force and false arrest claims, it is necessary for plaintiff to provide the names of the individual defendants for this claim or they will be dismissed without prejudice.

The complaint alleges that the City of Santa Clara and Santa Clara police chief Stephen Lodge have a "policy, practice and custom . . . to tolerate, urge, encourage, support and ratify members of the Santa Clara Police Department to beat and falsely arrest persons." Complaint, p. 4. Liberally construed, these allegations are enough to state a claim for municipal liability against these two defendants. This is because the Ninth Circuit has instructed that it is improper to dismiss on the pleadings alone a § 1983 complaint alleging municipal liability, "'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice.'" Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) (citation omitted).

**United States District Court**
For the Northern District of California

# CONCLUSION

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against the Doe defendants for excessive force and false arrest as well as a state law claim for negligence. The complaint also states a § 1983 claim against the City of Santa Clara and Santa Clara police chief Stephen Lodge for municipal liability for the constitutional violations.

2. Plaintiff must provide the true names for the Doe defendants no later than **December 3, 2010**. Failure to provide those true names by the deadline so that these individuals may be served with process will result in the dismissal without prejudice of the unnamed Doe defendants. If names are not provided for any Doe defendant, the claims will be dismissed.

3. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following two defendants: City of Santa Clara and Santa Clara police chief Stephen Lodge.

4. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **December 3, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by such a motion, they must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 7, 2011**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

   > The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to

4

judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 21, 2011**.

  5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  7. Plaintiff is responsible for prosecuting this case. He must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

5

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

9. Defendants City of Santa Clara and Santa Clara police chief Stephen Lodge must file a notice of appearance within **thirty days** of being served with the summons and complaint in this action.

IT IS SO ORDERED.

Dated: August 30, 2010

_____
SUSAN ILLSTON
United States District Judge

6