UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA, | No. C 10-2424 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| CITY OF SANTA CLARA; et al., | |
| Defendants. | |

## INTRODUCTION

Daniel C. Garcia, an inmate currently at the Riverside County Jail in Indio, filed this pro se civil rights action under 42 U.S.C. § 1983 concerning his arrest on May 23, 2008 at the Marriott Hotel in Santa Clara. The complaint named the City of Santa Clara, the Santa Clara police chief Stephen Lodge, and five unknown Santa Clara police officers as defendants. Pursuant to 28 U.S.C. § 1915A, the court reviewed the complaint and found that, liberally construed, it stated a claim for relief under 42 U.S.C. § 1983 (a) against the Doe defendants for excessive force and false arrest as well as a state law claim for negligence, and (b) against the City of Santa Clara and Santa Clara police chief Stephen Lodge for municipal liability for the constitutional violations. The court did not dismiss the complaint with leave to file an amended complaint, and instead provided these directions about the Doe defendants: "Garcia must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court in an amendment to his complaint that explains what each such person did or failed to do that caused a violation of his constitutional rights." Order Of Service, pp. 2-3. The court set a deadline of December 3, 2010 for plaintiff to provide the true names for the Doe defendants. Id. at 4. The court also set a December 3, 2010 for the named

defendants (i.e., the City and the police chief) to file a motion for summary judgment, and set a January 7, 2011 for plaintiff to file an opposition to the motion. Id.

Defendants City of Santa Clara and police chief Lodge timely filed their motion for summary judgment. Plaintiff never filed an opposition to it, and the deadline by which to do so has long passed.

Plaintiff did not provide the names of the Doe defendants by the deadline. Instead, a few days after the deadline he filed a First Amended Complaint, which added numerous causes of action and new defendants, as well as provided the names of police officers who arrested him. This filing did not comply with the court's directive in the order of service, which only allowed him to provide an amendment identifying the Doe defendants by their true names.

**DISCUSSION**

It appears that plaintiff is not taking seriously his obligation to comply with the court's orders. He did not file an opposition to the existing defendants' motion by the deadline set by the court; he did not comply with the deadline to identify the Doe defendants (although that deadline was missed by only a few days); and he did not comply with the order to pay the initial partial filing fee. It is imperative that plaintiff comply with the court's orders so that the case can be expeditiously resolved.

Plaintiff will be given another chance to file his opposition to defendants' motion for summary judgment. The court grants this second chance because it is possible that the pro se plaintiff thought that filing the amended pleading relieved him of the obligation to oppose the pending motion. Although plaintiff has filed a first amended complaint, the issues raised therein do not appear to interfere with the ability of the court to adjudicate the claims already presented against the defendants who have moved for summary judgment on those claims. The court has considered the alternative – of dismissing the motion for summary judgment without prejudice to a new motion being filed after all the new defendants have been served with process – and believes that such an alternative imposes an unnecessary burden on the moving defendants in light of the time and money spent to prepare the existing motion.

2

On August 30, 2010, the court granted plaintiff leave to proceed <u>in forma pauperis</u> and assessed an initial partial filing fee of $51.20 on the $350.00 filing fee owed by plaintiff. <u>See</u> Order Granting Leave To Proceed <u>In Forma Pauperis</u>. Court records indicate that plaintiff has yet to pay anything toward his filing fee.  In light of his pauper application that showed he had ample funds to make at least the initial partial filing fee and had monthly income to that inmate trust account, it is unclear why there has been no payment toward the $350.00 filing fee. A deadline will be set for plaintiff to pay the $51.20 initial partial filing fee or show cause why he has not done so.

Plaintiff's First Amended Complaint is unclear on some details that impact the court's ability to screen it under 28 U.S.C. § 1915A. Specifically, it is not clear what the role of the employees and of the Marriott International, Inc., dba Marriott Hotel was in the arrest of plaintiff.  The original complaint mentioned nothing about Marriott personnel, but the First Amended Complaint suggests they played a role in plaintiff's arrest.  The amended pleadings is unclear exactly what plaintiff alleges the Marriott employees/agents did other than apparently call the police, e.g, whether they physically took part in the arrest, whether they touched plaintiff etc.  It also is unclear whether plaintiff is attempting to hold Marriott liable on some sort of theory that Marriott employees/agents agreed that plaintiff had carte blanche to do anything in the hotel without police being summoned.  Plaintiff must file a second amended complaint in which he  explains more clearly the factual basis for his claims against Marriott.

**CONCLUSION**

1.  The court now sets the following briefing schedule on the motion for summary judgment filed by defendants Lodge and City of Santa Clara:

 a. Plaintiff must file and serve on defense counsel his opposition to the motion for summary judgment no later than **May 20, 2011**.  Plaintiff is reminded to read the notice regarding summary judgment motions in the order of service before preparing his opposition.

 b. Defendants must file and serve their reply brief (if any) no later than **June 10, 2011**.

3

2. No later than **May 20, 2011** plaintiff must pay the $51.20 initial partial filing fee or show cause why he has not done so. If he chooses to show cause why he has not done so, he must include with any written response a copy of his inmate trust account statement showing activity in that account from August 1, 2011 through the present. Failure to pay the fee or show good cause for not doing so will result in the dismissal of this action.

3. No later than **May 13, 2011**, plaintiff must file a second amended complaint addressing the matters discussed in this order.

IT IS SO ORDERED.

Dated: April 15, 2011

_____
SUSAN ILLSTON
United States District Judge

4