United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL C. GARCIA,

    Plaintiff,

    v.

CITY OF SANTA CLARA; et al.,

    Defendants.
                                   /

No. C 10-2424 SI (pr)

**ORDER GRANTING SUMMARY JUDGMENT ON *MONELL* CLAIMS**

## INTRODUCTION

Daniel C. Garcia, an inmate currently at the Riverside County Jail in Indio, filed this pro se civil rights action under 42 U.S.C. § 1983 concerning his arrest on May 23, 2008 at the Marriott Hotel in Santa Clara. This action is now before the court for consideration of the motion for summary judgment filed by defendants City of Santa Clara and Santa Clara Police Department Chief Lodge. Garcia has opposed the motion. For the reasons discussed below, summary judgment will be granted on the *Monell* claims. In a separate order, the court will address other issues, including plaintiff's second amended complaint, pauper status, and attorney representation.

## BACKGROUND

A.   Procedural History

Garcia alleged in his unverified complaint that, on May 23, 2008, he was arrested by officers of the Santa Clara Police Department while he was at the Marriott Hotel throwing a party. He alleged that the police came to his hotel room door in the early morning hours and told him to leave the hotel. As he "started to discuss the matter, the police officers threw him to the

floor, beat him, and arrested him. Plaintiff was taken to the police car, where he was beaten again." Complaint, p. 3. Garcia further alleged "upon information and belief that it is the policy, practice and custom of Defendants City [of Santa Clara] and [Police Chief] Lodge and other personnel employed in a supervisory position, to tolerate, urge, encourage, support and ratify members of the Santa Clara Police Department to beat and falsely arrest persons." Id. at 4. The court found this last allegation sufficient to state a claim against the City of Santa Clara and Police Chief Lodge for municipal liability. *See* Order of Service, p. 3.

Garcia later filed a first amended complaint and a second amended complaint that each provided a much more detailed description of the circumstances of his arrest and the use of force against him. Numerous causes of action and new defendants were added in those later pleadings. The *Monell* claims remained, and were expanded upon, in the later pleadings. In light of these later pleadings the court considered whether to dismiss the motion for summary judgment without prejudice to defendants filing a new motion after all the new defendants were served with process, but determined that doing so would impose an unnecessary burden on the moving defendants in light of the time and money spent to prepare the existing motion. Garcia filed his opposition after that determination was made.

B.    Undisputed Facts

The following facts are undisputed unless otherwise noted:

Defendant Lodge is the Police Chief for the City of Santa Clara. He acts "in a supervisory capacity over the police officers employed by the City of Santa Clara" and is "responsible for the policies, procedures and general orders governing the conduct of police officers employed by the City of Santa Clara." Lodge Decl., ¶ 1.

The Santa Clara Police Department has written policies governing the use of force and the procedures for arrest by its officers. The written policy on the use of force states: "It is the policy of this Department that employees shall use only that amount of force that reasonably appears necessary, given the facts and circumstances perceived by the employee at the time of the event, to effectively bring an incident under control. 'Reasonableness' of the force used must

2

be judged from the perspective of a reasonable officer with similar training and experience, on the scene at the time of the incident." Lodge Decl., Ex. A at 1. The Santa Clara Police Department has a Code of Conduct general order that requires officers to obey the policies and procedures of the department. Lodge Decl., Ex. B at 2. That Code of Conduct also has a long list of prohibited acts; among the prohibited acts is the "unnecessary or excessive use of physical force against any person." *Id.* at 14. The Santa Clara Police Department also has a "Criminal Process" general order that describes arrest procedures, defines probable cause and directs that for an arrest to be a valid arrest, the "officer must take the person into custody 'in a case and in the manner authorized by law.'" Lodge Decl., Ex. C at 1.

The Santa Clara Police Department does not have an unwritten custom to use excessive force or to falsely arrest individuals. Lodge Decl, ¶ 6.

The Santa Clara Police Department does not have a policy, practice and custom of tolerating, urging, encouraging, supporting or ratifying officers' actions in beating and falsely arresting persons. *Id.* at ¶ 7.

**VENUE AND JURISDICTION**

Venue is proper in the Northern District of California under 28 U.S.C. § 1391 because the events or omissions giving rise to Garcia's complaint occurred in Santa Clara County, located in the Northern District. *See* 28 U.S.C. §§ 84, 1391(b). This Court has federal question jurisdiction over this action under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331.

**LEGAL STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case

3

necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the suit under governing law, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, as is the situation with defendants' motion against plaintiff's *Monell* claims, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his or her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citations omitted).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Here, Garcia's pleadings were not signed under penalty of perjury and therefore are not considered as evidence for purposes of deciding the motion.

The court's function on a summary judgment motion is not to make credibility determinations nor to weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *Id.* at 631.

**DISCUSSION**

A.  *Monell* Liability

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). For purposes of the discussion that follows, references to a policy include a custom or practice.

The undisputed evidence shows that there was no written or unwritten policy that tolerated, urged, encouraged, supported or ratified the making of false arrests or the infliction of excessive force by members of the Santa Clara Police Department. With this undisputed evidence, no reasonable juror could find in Garcia's favor on this claim on the evidence now before the court.

Garcia argues that there are genuine issues of material fact as to the City's policies because "the evidence shows that the City's policies and customs do violate individuals' civil rights, as described in the Second Amended Complaint." Opposition, pp. 10-11. This argument fails for lack of evidentiary support. The second amended complaint, like its predecessors, is not evidence because none of them were signed under penalty of perjury. *Cf. Schroeder*, 55 F.3d at 460 & nn.10-11. Although the first amended complaint and second amended complaint each has a statement declaring that it is true and correct, neither declaration is made under penalty of

5

1 perjury so neither pleading can be considered as evidence. Even if Garcia had signed his 2 pleadings under penalty of perjury, his pleadings do not show that he has personal knowledge 3 of the policies or customs of the Santa Clara Police Department with regard to the use of force 4 or the procedures for making arrests. Garcia's mere supposition and speculation that there are 5 such policies or customs would not be evidence that would allow a reasonable trier of fact to find 6 in his favor.

7 Garcia argues that *Monell* liability may be imposed on a failure-to-train theory. *See* 8 Opposition, pp. 11-12. It is true that a municipality may be liable for constitutional violations 9 resulting from its failure to train its workers where the inadequacy of the training amounts to 10 deliberate indifference to the rights of the people with whom the municipality comes into 11 contact. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Van Ort v. Estate of Stanewich*, 12 92 F.3d 831, 835 (9th Cir. 1996); *Mackinney v. Nielsen*, 69 F.3d 1002, 1010 (9th Cir. 1995). 13 Only where a failure to train reflects a "'deliberate' or 'conscious' choice" by a municipality can 14 it be thought of as a municipality's policy that can support liability under § 1983. *See Harris*, 15 489 U.S. at 389. Usually, it is necessary to show a "pattern of similar constitutional violations" 16 by untrained employees to establish that the failure to train or supervise is a deliberate policy. 17 *Connick*, 131 S. Ct. at 1360. Here, Garcia offers not a whit of evidence to support his failure-to-18 train argument. With no evidence to support it, his argument does not defeat defendants' motion 19 for summary judgment.

20 The City of Santa Clara and the Police Chief are not liable under § 1983 merely because 21 they employed the other defendants -- that would be impermissible respondeat superior liability. 22 *See Monell*, 436 U.S. at 694. Because there is no potential for respondeat superior liability, the 23 City of Santa Clara and Police Chief can avoid liability even if their employees engaged in 24 unconstitutional behavior if the municipal entities can show they were not liable on a municipal 25 policy or failure-to-train theory. The City and Police Chief have identified the portions of the 26 record which demonstrate the absence of a genuine issue of material fact that there was a policy 27 that amounted to deliberate indifference to Garcia's constitutional rights and that the policy was 28 the moving force behind the alleged constitutional violation. Garcia does not meet his burden

6

to designate specific facts showing that there is a genuine issue for trial on these essential elements of his *Monell* claims. Defendants City of Santa Clara and Santa Clara Police Chief are entitled to judgment as a matter of law on Garcia's *Monell* claims that there was a policy in the Santa Clara Police Department that tolerated, urged, encouraged, supported and ratified members of the Santa Clara Police Department to beat and falsely arrest persons.

The present ruling resolves all of Garcia's § 1983 claims against the City of Santa Clara and Police Chief Lodge. This ruling does not, however, affect the liability either of these defendants may have on the various state law claims Garcia has asserted. California has rejected *Monell* and imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007); *Robinson v. Solano*, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc).

B. <u>Other Arguments</u>

Moving defendants also argue that summary judgment should be granted because Garcia did not identify the Doe defendants before the deadline set by the court. These arguments have lost any persuasive power they ever had because Garcia has now identified the individuals who were originally sued as Doe defendants.

Garcia argues in opposition that defendants failed in their initial obligations under Federal Rule of Civil Procedure 26. He is incorrect. Initial disclosures were not required in this action because plaintiff is incarcerated and was proceeding *pro se* at all relevant times. Federal Rule of Civil Procedure 26(a)(1)(B)(iv) specifically exempts from initial disclosure requirements "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." The fact that defendants did not make initial disclosures is irrelevant to consideration of the summary judgment motion. Garcia, who read and relied on part of Rule 26 to try to shift the blame to defendants, inexplicably failed to read the rest of Rule 26 to see that the initial disclosure requirement did not apply to his case. Garcia also faults the court for failing to issue the case management order called for by N. D. Cal. Local Rule 16-7. *See* Opposition,

7

pp. 5-6. He is mistaken. Although not labeled a "case management order," the order of service *is* the case management order: it provides scheduling information for dispositive motions, authorizes discovery, and tends to other miscellaneous matters such as service of process on defendants.

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment is GRANTED in part. (Docket # 13.) Defendants City of Santa Clara and Police Chief Lodge are entitled to judgment as a matter of law on the merits of plaintiff's *Monell* claims. The court will wait for the disposition of the other claims and defendants before entering a single judgment on all claims. The court does contemplate, however, that this order ends litigation and discovery regarding the *Monell* claims.

IT IS SO ORDERED.

Dated: July 27, 2011

_____
SUSAN ILLSTON
United States District Judge