UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SANTA CLARA; et al.,<br><br>    Defendants.<br>                                               / | No. C 10-2424 SI (pr)<br><br>**ORDER REGARDING (1) SECOND AMENDED COMPLAINT, (2) PAUPER STATUS, AND (3) REPRESENTATION** |

Daniel C. Garcia, an inmate currently at the Riverside County Jail in Indio, filed this *pro se* civil rights action under 42 U.S.C. § 1983 concerning his arrest on May 24, 2008 at the Marriott Hotel in Santa Clara. The matter is now before the court for consideration of the second amended complaint, plaintiff's pauper status, and plaintiff's representation.

A.    The Second Amended Complaint

    1.    Allegations

In his second amended complaint, Garcia alleges that, in the early morning hours of May 24, 2008, he was arrested by officers of the Santa Clara Police Department while he was at the Marriott Hotel in Santa Clara throwing a party. His party event allegedly was "peaceful and did not interfere in any manner with the peaceful enjoyment of the remaining Defendant Hotel's guests, nor did it violate any laws or ordinances." Second Amended Complaint ("SAC"), ¶ 34. He alleges that, while he was out of the room he had rented, hotel security came to the room, and spoke to another individual in that room. "An apparent exchange ensued and hotel security left the room," "called the police and requested assistance in evicting Plaintiff from the hotel." *Id.* at ¶ 48. Santa Clara Police Department officers Bell, Lang and Carleton arrived at the hotel at

1  about 1:39 a.m. on May 24, 2008. The police accompanied hotel security to plaintiff's room and
2  encountered plaintiff. An exchange occurred during which plaintiff was told by one of the
3  officers to leave the hotel immediately or he would be considered trespassing. *Id.* at ¶ 51. While
4  plaintiff was "attempting to rationalize with the officers" another person opened the door further,
5  which gave the police a clear view of the room and the other guests. *Id.* at ¶ 52.

6  Plaintiff alleges that officer Lange then grabbed his left wrist and tried to pull him from
7  the room and then tried to throw him to the ground. The officers handcuffed him in a painful
8  manner and when he told him they "were making a mistake[,] the officers responded by telling
9  Plaintiff to 'shut the fuck up, you arrogant faggot' and repeated several sexual/racist slurs." *Id.*
10 at ¶ 53. Plaintiff also allegedly was beaten by the officers. *Id.* at ¶ 55. Sergeant Hosman arrived
11 at the hotel and plaintiff was placed in a full body restraint system, carried from the hotel and
12 put in the back of a patrol car. Plaintiff called 9-1-1 on a cell phone from the police car and
13 asked for assistance. The 9-1-1 operator communicated that to the police at the scene. "Officer
14 Lange opened the door to the police car and assaulted Plaintiff again" and confiscated the cell
15 phone. *Id.* at ¶ 56. Plaintiff further alleges that he was attacked again by officer Lange during
16 the booking process and that more than a dozen officers rushed over and beat him. *Id.* at ¶ 57.
17 Plaintiff allegedly was mocked when he asked to be put in protective custody because he was
18 a homosexual. *Id.* at ¶ 58. Plaintiff further alleges that he later was allowed out of his cell in
19 order to shower and use the telephones. He "was approached by three other inmates who forced
20 Plaintiff into their cell where they sexually assaulted and forcibly sodomized plaintiff." *Id.* at
21 ¶ 59. He was bailed out of jail on May 25, 2008.

23  2.    Review Under § 1915A

24  A federal court must engage in a preliminary screening of any case in which a prisoner
25 seeks redress from a governmental entity or officer or employee of a governmental entity. See
26 28 U.S.C. § 1915A. In its review the court must identify any cognizable claims, and dismiss any
27 claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
28 seek monetary relief from a defendant who is immune from such relief. *See id.* at

§1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The second amended complaint alleges sixteen causes of action. Liberally construed, the second amended complaint states cognizable claims for relief under § 1983 and for state law violations, except as discussed in the next four paragraphs.

The second, third and fourth causes of action do not state claims under § 1983. Each of these three causes of action alleges a violation of a right Garcia has under the California Constitution. The California Constitution is not enforceable through 42 U.S.C. § 1983, as it is not the U.S. Constitution or a law of the United States. *See West*, 487 U.S. at 48. The state law claims may proceed, however.

The fifth cause of action and the sixth cause of action are dismissed. The fifth and sixth causes of action do not state a claim upon which relief may be granted because the allegations of a conspiracy are conclusory. *See Woodrum v. Woodword County*, 866 F.2d 1121, 1126 (9th Cir. 1989).

The tenth cause of action and sixteenth cause of action are dismissed. These causes of action are based on *Monell* theory of liability. In a separate Order Granting Summary Judgment On *Monell* Claims signed today, the court has determined that defendants are entitled to judgment as a matter of law on the *Monell* claims.

The fourteenth and fifteenth causes of action do not state cognizable claims under § 1983. The fourteenth cause of action is for intentional infliction of emotional distress and the fifteenth cause of action is for negligent infliction of emotional distress. Although these claims may proceed as state law tort claims, they are not actionable under § 1983 because the claims do not allege a violation of the U.S. Constitution or a law of the United States. The fifteenth cause of action – insofar as it purports to be brought under § 1983 -- must be dismissed for the separate

1 and additional reason that the Constitution does not guarantee due care on the part of state 2 officials; liability for negligently inflicted harm is categorically beneath the threshold of 3 constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

B.  Pauper Status

Plaintiff has yet to pay the initial partial filing fee of $51.20 that was imposed more than ten months ago in the Order Granting Leave To Proceed *In Forma Pauperis*. (Docket # 9.) Plaintiff must make that payment no later than **September 2, 2011**. *This deadline will not be extended.* Plaintiff also must file a copy of his current inmate trust account statement no later than **September 2, 2011** so that the court can determine what further monies he now owes for the past ten months during which the jail has not been forwarding the appropriate amount from his inmate trust account. Plaintiff failed to comply with the court's earlier order to provide a current copy of his trust account statement. *See* April 15, 2011 Order, p. 4. Failure to pay the fee and send in the inmate trust account statement will result in the revocation of plaintiff's pauper status and make the full filing fee immediately due.

C.  Representation of Plaintiff

On June 16, 2011, David L. Wright (California State Bar # 189346), filed an "Entry and Appearance of Counsel" as counsel for plaintiff. As of July 25, 2011, the California State Bar's website listed David Lynn Wright (California State Bar # 189346) as not authorized to practice law in California as of July 1, 2011 due to his failure to comply with MCLE requirements. No later than **September 2, 2011**, attorney Wright must show cause why he should be permitted to represent plaintiff in light of the fact that he is not authorized to practice law in California.

/ / /

/ / /

**D.     Scheduling**

The second amended complaint states cognizable claims under § 1983 and state law against the City of Santa Clara, Santa Clara Police Chief Stephen Lodge, Santa Clara Police Sergeant G. Hosman, Santa Clara Police Officer Christopher Bell, Santa Clara Police Officer Michael Carleton, Santa Clara Police Officer Alec Lange, and Marriott International, Inc., dba Marriott Hotel. The § 1983 portions of the second, third, fourth, fourteenth and fifteenth causes of action are dismissed. The fifth, sixth, tenth, and sixteenth causes of action are dismissed.

In light of the problems with plaintiff's pauper status and representation by counsel, the court will not now set a briefing schedule on dispositive motions. Instead, the court will wait until those problems are addressed before setting a briefing schedule for dispositive motions.

No later than **September 2, 2011**, plaintiff must provide an address at which defendant Marriott International, Inc., dba Marriott Hotel may be served with process. If he does not provide an address by the deadline, or the defendant cannot be served at the address he does provide, the defendant and all claims against it will be dismissed from this action.

The clerk will mail to the Riverside County Jail's inmate trust account office another copy of the Order Granting Leave to Proceed In Forma Pauperis. (Docket # 9).

The clerk shall mail a copy of this order to defense counsel, plaintiff's counsel and plaintiff.

IT IS SO ORDERED.

Dated: July 27, 2011

_____
SUSAN ILLSTON
United States District Judge

5