UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA, | No. C 10-2424 SI (pr) |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| CITY OF SANTA CLARA; et al., | |
| Defendants. | |

On November 1, 2011, defendant Marriott Hotel Services, Inc. (erroneously sued as Marriott International, Inc., dba Marriott Hotel) (collectively "Marriott"), filed a motion to dismiss. On November 21, 2011, Marriott filed a request to continue the hearing on its motion to dismiss because the motion had not been properly served on plaintiff. Upon due consideration, the request for a continuance is DENIED as unnecessary. (Docket # 42.) Due to the plaintiff's incarceration, an oral hearing will not be held on the motion to dismiss.

The court now sets the following briefing schedule on Marriott's motion to dismiss: No later than **December 23, 2011**, plaintiff must file and serve on defense counsel his opposition to the motion to dismiss. No later than **January 9, 2012**, Marriott must file and serve its reply brief, if any. Once the reply deadline passes, the motion will be deemed submitted on the papers and the court will rule on it in due course.

The court provides the following general information about unrepresented prisoner litigation because defendants are represented by private counsel who may be unfamiliar with prisoner civil litigation procedures before the undersigned. First, the court usually puts a

briefing schedule for dispositive motions in the order of service in a prisoner civil rights case. Past experience has shown that prisoner cases without any deadlines languish without any progress. The court will allow time for needed discovery but generally tries to keep the cases moving toward resolution by motion, trial or settlement. Second, the motions (including dispositive motions) in prisoner cases are deemed submitted on the papers and no hearing is held unless the court orders otherwise. No hearing date needs to be included on the moving papers. Third, due to limits on access to computers, scanners and email in prisons and jails, paper copies of all filings must be sent by and to plaintiff. That is, plaintiff must mail a paper copy of every filing to defense counsel, and defense counsel must mail a paper copy of every filing to plaintiff. Fourth, there is what is known as the "prisoner mail-box rule" which provides that a document filed by a prisoner is deemed filed when he gives it to prison officials to mail to the court rather than when it is actually stamped "filed" at the courthouse. See Douglas v. Noelle, 567 F.3d 1103, 1106-07 (9th Cir. 2009). Fifth, due to the difficulties of sending and receiving mail while in custody, as well as the limits on a prisoner's access to the law library, the court sets more generous briefing schedules than would otherwise exist in a civil action. Sixth, the case number ends with "(pr)" and that is part of the case number that should appear on all filings. Seventh, letters to the court are discouraged – if a party wants action from the court, the party should file a motion. Finally, because defendants are represented by two different counsel, plaintiff must serve a copy of every filing on each of those two attorneys and each defense counsel must serve a copy of every filing on the other defense counsel as well as on plaintiff.

IT IS SO ORDERED.

Dated: November 29, 2011

_____
SUSAN ILLSTON
United States District Judge

2