United States District Court
For the Northern District of California

1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6               FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   DANIEL C. GARCIA,                          No. C 10-2424 SI (PR)
9           Plaintiff,                         **ORDER GRANTING MARRIOTT'S**
                                               **MOTION TO DISMISS**
10     v.
11  CITY OF SANTA CLARA; STEPHEN D.
    LODGE, CHIEF OF POLICE; G. HOSMAN;
12  CHRISTOPHER BELL; MICHAEL
    CARLETON; ALEC LANGE; MARRIOTT
13  INTERNATIONAL, INC., DBA
    MARRIOTT HOTEL,
14
           Defendants.
15  _____/
16
17                           **INTRODUCTION**
18          Daniel Garcia, an inmate at the Riverside County Jail in Indio, California, filed a *pro se*
19  civil rights action for acts and omissions that occurred when he was arrested in May, 2008 at a
20  Marriott hotel.  Defendant Marriott Hotel Services, Inc., (hereinafter "Marriott") has filed a
21  motion to dismiss Garcia's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  Garcia
22  has not opposed the motion.
23
24                            **BACKGROUND**
25          As relevant to his claims against Marriott, Garcia alleges the following:
26          Garcia alleges that on May 23, 2008 he checked into a room at the Marriott hotel in Santa
27  Clara, and later upgraded to a bigger room so that he could "entertain a small gathering of
28  friends".  (*See* Second Amended Complaint ("SAC") ¶ 42.)  A group of 8-10 people gathered

1   in the room.  (SAC ¶ 47.)  Garcia left the room at about 1:00 a.m..  (*See* SAC ¶ 48.)  Hotel

2   security visited the room and had an exchange with one of Garcia's companions.  (*Id.*)  Hotel

3   security called the Santa Clara Police Department for assistance in evicting Garcia from the

4   hotel. (*Id.*)  Meanwhile, Garcia returned to the room.  (*Id.*)  The police informed Garcia that the

5   hotel had a "no party policy" and asked him to vacate the hotel.  (*See* SAC ¶ 50.)  Garcia

6   attempted to rationalize and explain his point of view to the police officers.  (*See* SAC ¶ 52.)

7   He alleges that a struggle ensued, and that he was the subject of ridicule and beating at the hands

8   of the Santa Clara Police Department.  (*See* SAC ¶ 53, 55, 56, 57.)  Once at the county jail,

9   Garcia alleges members of the Santa Clara Police Department further abused him, and fellow

10  inmates sexually assaulted him.  (*See* SAC ¶ 58, 59.)

11      Garcia filed his original complaint against the City of Santa Clara and Stephen Lodge on

12  June 1, 2010.  (Docket # 1.)  He filed his first amended complaint on December 9, 2010, and

13  named additional defendants, including Marriott.  (Docket #23.)  Garcia filed his second

14  amended complaint on May 13, 2011.  (Docket # 27.)

15

16                              **LEGAL STANDARDS**

17      A motion to dismiss should be granted if the plaintiff fails to plead "enough facts to state

18  a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

19  (2007).  The court "must accept as true all of the factual allegations contained in the complaint,"

20  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but need not accept as true allegations that are legal

21  conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden*

22  *State Warriors*, 266 F.3d 979, 988, *amended*, 275 F. 3d 1187 (9th Cir. 2001).  Dismissal can be

23  based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

24  cognizable legal theory. *Balistreri v. Pacifica Police Dep.'t*, 901 F.2d 696, 699 (9th Cir. 1990).

25  Prisoner *pro se* pleadings are given the benefit of liberal construction. *Erickson*, 551 U.S. at 94.

26      Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense,

27  it may be used when the complaint contains allegations showing a complete defense or bar to

28  recovery, such as a statute of limitations problem. *See Jablon v. Dean Witter & Co.*, 614 F.2d

677, 682 (9th Cir. 1980). Dismissal on statute of limitations grounds can be granted pursuant to Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the Garcia to prove that the statute was tolled," *Jablon*, 614 F.2d at 682, and the limitations period has expired.

## DISCUSSION

Marriott has moved under Rule 12(b)(6) to dismiss Garcia's complaint on the ground that all of the claims against it are time-barred. The motion requires this court to determine the date these causes of action accrued, the applicable limitation periods, and whether the limitations period is tolled.

A.    <u>Commencement, Accrual and Tolling</u>

Federal law determines when a cause of action accrues and the limitations period commences on a § 1983 cause of action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of action. *Two Rivers v. Lewis*, 174 F. 3d 987, 991 (9th Cir. 1999). As to the state law causes of action, a tort action in California accrues upon the occurrence of the last element essential to the cause of action. *Neel v. Magana*, 6 Cal. 3d 176, 187 (1971). In California contract actions, the cause of action accrues at the time of breach. *Whorton v. Dillingham*, 202 Cal. App. 3d 447, 456 (1988). A federal court must give effect to a state's tolling provisions for § 1983 as well as state causes of action. *See Hardin v. Straub*, 490 U.S. 536, 534-44 (1989). In California, the limitations period is tolled if the plaintiff is imprisoned at the time the cause of action accrued. *See* Cal. Civ. Proc. Code § 352.1(a). Another tolling provision for the time when charges are pending, California Government Code § 945.3, does not apply to claims against a private party defendant such as Marriott. Tolling ends when the plaintiff is released from incarceration, and is unaffected by subsequent incarceration. *Id.*

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Garcia's arrest and alleged beating occurred on May 24, 2008.  (SAC ¶ 52.)  Garcia's

2  complaint also alleges other injuries that occurred at the Santa Clara Police Station and the

3  county jail while he was incarcerated, but those claims are not against Marriott.  (SAC ¶ 57-59.)

4  Garcia's family bailed him out of jail on May 25, 2008, the day after he was arrested.  (SAC ¶

5  60.)  Garcia's federal causes of action under § 1983 accrued on May 24, 2008, when he knew

6  or should have known of the injuries that arose from Marriott's acts and omissions.   The last

7  elements essential to Garcia's state law claims of personal injury, negligence and breach of

8  contract occurred no later than May 24, 2008, before Garcia left the hotel.  The limitations

9  periods for all of the causes of action were tolled for just one day because of his one day

10  incarceration.  Garcia's subsequent re-incarceration for an unrelated offense does not have any

11  tolling effect under § 352.1(a).

12

13  B.    Prisoner Mailbox Rule

14    A *pro se* prisoner's complaint is deemed filed on the date of its submission to prison

15  authorities for mailing to the court, as opposed to the date of its receipt by the court clerk.

16  *Houston v. Lack*, 487 U.S. 266, 276 (1988).  To benefit from the prisoner mailbox rule, a

17  prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel,

18  and (2) he must deliver his filing to prison authorities for forwarding to the court.  *Stillman v.*

19  *LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

20    Garcia's original complaint does not benefit from the prisoner mailbox rule.  Although

21  Garcia filed the original complaint as a *pro se* litigant, there is no evidence or indication that he

22  gave it to jail officials to mail to the court.  The absence of an envelope in the docket leads to

23  a presumption that it was filed by some acquaintance of Garcia's who brought or sent it to the

24  courthouse.  Therefore, the original complaint does not benefit from the prisoner mailbox rule

25  and is deemed filed on May 27, 2010, the day it was stamped "filed" at the courthouse.  The first

26  amended complaint does, however, benefit from the prisoner mailbox rule, as it was mailed from

27  jail and signed by Garcia on December 6, 2010.  It will be deemed filed as of that day.

28

C.      No Relation Back For Amended Complaint

An amended complaint that adds a new defendant does not relate back to the date of filing the original complaint, unless the new defendant is being substituted for a fictitious Doe named in the original complaint.  *Woo v. Superior Court*, 75 Cal. App. 4th 169, 176 (1999).  If a plaintiff does not know the name of a defendant, then he can use a Doe defendant as a placeholder until he discovers the true name of the defendant.  Cal. Civ. Proc. Code § 474.

The original complaint did use Doe defendants, but they were identified as "individual members of the Santa Clara Police Department and the City of Santa Clara."  (Complaint ¶ 11.) The individual police officers were identified by name in the First Amended Complaint. Although Marriott was also added as a defendant in the first amended complaint, Marriott did not replace a fictitious Doe from the original complaint.  The claims that were brought against Marriott in the first amended complaint do not relate back to the original complaint[1].  The date that the first amended complaint was filed, December 6, 2010, will be used to determine whether Garcia's claims against Marriott are time barred.

D.      All Garcia's Claims Are Time-Barred

Garcia has a remaining total of eleven claims (or, as he has labeled them, "causes of action") against Marriott: Cause of action One (42 U.S.C. § 1983), Cause of action 2 (California Constitution), Cause of action 3 (California Constitution), Cause of action 7 (Unruh Act), Cause of action 8 (breach of covenant of good faith and fair dealing), Cause of action 9 (42 U.S.C. § 1983),  Cause of action 11 (battery), Cause of action 12 (assault), Cause of action 13 (false report/arbitrary arrest), Cause of action 14 (intentional infliction of emotional distress), and Cause of action 15 (negligent infliction of emotional distress).[2]  Marriott seeks to have all these causes of action dismissed on the ground that they are time barred.

---

[1] Garcia's first amended complaint does not relate back under §474's exception because there is no allegation that Garcia was genuinely ignorant of new defendant's (Marriott's) identity at the time he filed his original complaint.  Cal. Civ. Proc. § 474.

[2] Although claims two, three, fourteen, and fifteen were also brought against Marriott and under § 1983, they could only proceed as state claims per this court's order on July 27, 2011.

**United States District Court**
For the Northern District of California

1    State law determines the length of the statute of limitations period for §1983 causes of

2    action.  "The United States Supreme Court has held that an action brought under 42 U.S.C. §

3    1983 is a personal injury action, and that the appropriate statute of limitations is the statute of

4    limitations for personal injury causes of action in the particular state in which the case is filed."

5    *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  In California, the general residual statute of

6    limitations for a personal injury action is the two-year period set forth in California Civil

7    Procedure Code (hereinafter "CCP") § 335.1.  *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir.

8    2004).  The statute of limitations period for each of Garcia's §1983 causes of action is governed

9    by the residual two-year limit for California personal injury actions.  *See* Cal. Civ. Proc. § 335.1.

10    The two-year limitations period in CCP § 335.1 also applies to all causes of action that

11    are based upon personal injury and negligence.  *Id.*  Claims that the California Constitution has

12    been violated are also controlled by § 335.1's two-year limitations period.  *See generally Acuna*

13    *v. Regents of Univ. of California*, 56 Cal. App. 4th 639, 647 (1997).  A claim of breach of the

14    covenant of good faith and fair dealing has a two-year limitations period when it sounds in tort

15    or an oral contract, and a four-year period when it sounds in a written contract.  Cal. Code Civ.

16    Proc. §§ 337, 339(1).  All Unruh Act causes of action are not subject to the same statute of

17    limitations; the nature of the claim is what determines the applicable limitations period. *Gatto*

18    *v. County of Sonoma*, 98 Cal. App. 4th 744, 754-60 (2002).  There are three possible choices:

19    (1) a two-year period under CCP §335.1 for personal injury actions; (2) a three-year period

20    under CCP §338 for actions under statutes that create liability; (3) a four-year period catch-all

21    provision under CCP §343 for "actions not hereinbefore provided for."  *Mitchell v. Sung*, 816

22    F.Supp. 597, 601 (N.D. Cal. 1993).

23    As noted above, Garcia's causes of action against Marriott accrued on May 24, 2008, and

24    after the tolling for one day of incarceration, the limitations period started on May 25, 2008.

25    Causes of action one, nine, eleven, twelve, thirteen and fourteen are all subject to § 335.1's two

26    year limitations period because they each allege a personal injury.  Causes of action two and

27    three are also subject to § 335.1's two year limitations period, because they each allege a

28    violation of the California Constitution.  Cause of action fifteen is also subject to the same

United States District Court
For the Northern District of California

limitations period because it alleges negligence.[3]  Garcia's first amended complaint was not deemed filed until December 6, 2010,[4] more than six months after the May 25, 2010 expiration of the limitations period.  These causes of action are all time barred and dismissed as to Marriott.

Garcia's eighth cause of action alleges that he made an agreement with the Marriott hotel night manager over the phone on the night of May 23, 2008, to obtain a larger suite in which he could entertain his friends, and that the agreement was breached on May 24, 2008 when he was evicted from the hotel room.  (*See* SAC ¶ 42.)  The alleged contract that permitted the party was an oral contract.  Therefore, the statute of limitations period for Garcia's eighth cause of action is also two years.  *See* Cal. Civ. Proc. § 339(1).  This cause of action is time-barred because it was filed more than six months late.  It must be dismissed.

Garcia's seventh cause of action, for violation of the Unruh Act, is subject to a two-year limitations period because it alleges a personal injury, and the Unruh Act is an anti-discriminatory statute that protects against personal injuries.  *See* Cal. Civ. Proc. §335.1; *Mitchell*, 816 F.Supp. at 602.  Marriott's alleged discrimination against Garcia took place on May 24, 2008, while Garcia was still at the Marriott hotel and before he was incarcerated.  The applicable limitations period expired on May 24, 2010, but the first amended complaint was not filed until December 6, 2010.  This cause of action is also time barred because it was filed more than six months late.  Garcia's Unruh Act cause of action is dismissed.

## CONCLUSION

Marriott's motion to dismiss is GRANTED.  (Docket # 38.)  Garcia's causes of action against Marriott were first asserted in his First Amended Complaint filed on December 6, 2010, and do not relate back to Garcia's original complaint.  Garcia's causes of action against Marriott are all time-barred, because they were asserted six months after the expiration of the two-year

---

[3] Cause of action fifteen alleges negligent infliction of emotional distress, but it is treated as a negligence claim because there is no independent tort of negligent infliction of emotional distress in California.  *Potter v. Firestone*, 6 Cal. 4th 965, 984 (1993).

[4]  These causes of action, and every other cause of action with a two-year limitations period, would still be late (by two days) and time barred if Garcia's first amended complaint related back, because the original complaint was filed on May 27, 2010.

**United States District Court**
For the Northern District of California

limitations period.  All causes of action as to defendant Marriott are dismissed.  The court need not reach Marriott's other arguments for dismissal.

With the dismissal of the all the causes of action against Marriott, some causes of action against the Santa Clara defendants still remain for adjudication.  The court will wait until the conclusion of this case to enter a judgment so that a single judgment may be entered resolving all causes of action against all defendants together.  The court does, however, contemplate that this order ends the involvement of defendant Marriott in this action.

IT IS SO ORDERED.

Dated: February 15, 2012

_____
SUSAN ILLSTON
United States District Judge