UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SANTA CLARA; et al.,<br><br>    Defendants.<br>_____ / | No. C 10-2424 SI (pr)<br><br>**ORDER TO STAY ACTION AND ADMINISTRATIVELY CLOSE ACTION** |

A.  The Stay

On December 2, 2011, defendants City of Santa Clara, Santa Clara Police Department chief Stephen Lodge, and Santa Clara Police Department officers Hosman, Bell, Carleton, and Lange (the "Santa Clara defendants") filed a motion for a stay of this action. They argued that the action should be stayed due to pending criminal proceedings against plaintiff in which he is charged with resisting or deterring a peace officer in the performance of his duty based on the same incident that gives rise to part of plaintiff's claims against the Santa Clara defendants. They focused on the criminal case pending against plaintiff in Santa Clara County Superior Court. The court noted the existence of a significantly more serious criminal case – in which the charges apparently include murder, conspiracy to commit a felony, burglary, and grand theft, *see* Docket # 39-2, p. 55 – pending against plaintiff in Riverside County Superior Court. The court ordered plaintiff to provide certain information so the court could consider the potential stay. In his response, plaintiff wrote that he consented to the requested stay if he could not find

new counsel to represent him in this action by April 23, 2012. Docket # 59, p. 7. That date has passed, and plaintiff has not informed the court that he found new counsel to represent him. Accordingly, defendants' motion for a stay is GRANTED. (Docket # 46.)

This action is now STAYED. The clerk shall administratively close the action.

Plaintiff must notify this court in writing within **thirty days** of the date on which he is acquitted of all charges or convicted of any of the charges in the criminal case pending against him in Riverside County Superior Court. If the latter, plaintiff must also notify this court within **thirty days** of the date on which he is sentenced in the Riverside County Superior Court case.

Plaintiff also must notify this court in writing within **thirty days** of the date on which he is acquitted of all charges or convicted of any of the charges in the criminal case pending against him in Santa Clara County Superior Court. If the latter, plaintiff must also notify this court within **thirty days** of the date on which he is sentenced in the Santa Clara County Superior Court case.

Plaintiff must mail to defense counsel a copy of each such notice at the time he files it with the court.

B.  Miscellaneous Matters

The court notes that plaintiff spiral-bound his response regarding the contemplated stay. Plaintiff need not spend the time or money to bind his filings this way because all bindings are promptly removed from documents to scan them for electronic filing when they arrive at the courthouse. Like all litigants, plaintiff should simply staple his documents in the upper left corner before sending them to the court to be filed.

Plaintiff stated in his response that he had not received some of the filings from defense counsel. *See* Docket # 59, p. 2. Defense counsel must update the mailing address for plaintiff and use the address plaintiff provides at page 2 of Docket # 59. Specifically, the address should *not* include the street address of the jail in addition to the post office box number, should use plaintiff's middle name, and should be sent to the proper ZIP code. No later than **June 1, 2012**, defense counsel must mail to plaintiff at the correct address a replacement copy of every

2

document that he previously sent to plaintiff that was not correctly addressed. The court does not want plaintiff to respond to any of those filings at this time (because the action is now stayed) but does want to be certain that plaintiff has received them for future use if the stay is ever lifted.

IT IS SO ORDERED.

Dated: May 19, 2012

_____
SUSAN ILLSTON
United States District Judge