1
2
3
4
5
6
7
8
9
10
11
12
13
14

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL C. GARCIA
(CDCR # AM5700),

        Plaintiff,

    v.

CITY OF SANTA CLARA; et al.,

        Defendants.
                                 /

No. C 10-2424 SI (pr)

**SCHEDULING ORDER**

15      This action was stayed on May 19, 2012 due to criminal cases pending against plaintiff.

16 Those cases eventually were resolved against plaintiff and, at plaintiff's request, the court lifted

17 the stay. The parties have filed case management statements at the court's request. Having

18 reviewed those statements, the court now issues this scheduling order to move this case toward

19 resolution.

20      <u>Discovery</u>: Discovery should be in progress; the order lifting the stay authorized the

21 parties to resume their discovery efforts immediately.

22      Defendants are granted leave to conduct the deposition of plaintiff in prison. *See* Fed. R.

23 Civ. P. 30(a)(2)(B).

24      Defendants have proposed in their case management statement a discovery cut-off of June

25 1, 2015, and dispositive motions to be filed at or about that time. This seems to be far more time

26 than is necessary in light of the facts, claims and defenses in this action. Also, the parties had

27 a few months to conduct discovery before the first round of dispositive motions. *See* Docket #

28 8 at 5 (order of service permitted discovery to commence). The court will require that

**United States District Court**
For the Northern District of California

1    dispositive motions be filed in late 2014, and the discovery can be completed before then with

2    diligence by all parties.

3         Plaintiff has stated in his case management statement that he anticipates using written

4    depositions.  He is free to do so in compliance with Rule 31 of the Federal Rules of Civil

5    Procedure, but the court provides this cautionary information.  The deposition upon written

6    questions procedure may sound like an inexpensive way for a prisoner to do discovery but

7    usually is not.  A deposition upon written questions is covered by Rule 31 of the Federal Rules

8    of Civil Procedure. The deposition upon written questions basically would work as follows.  The

9    prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness),

10   (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness,

11   and (d) the date and time for the deposition to occur.  The defendants would have time to send

12   to the prisoner written cross-examination questions for the witness, the prisoner would then have

13   time to send to defendants written re-direct questions for the witness, and the defendants would

14   have time to send to the prisoner written re-cross-examination questions for the witness.  When

15   all the questions --without any answers-- are ready, the prisoner would send them to the

16   deposition officer and the officer would take the deposition of the witness.  The questions are

17   read by the deposition officer, the responses are reported by a court reporter and the transcript

18   is prepared as it would be for an oral deposition.  The deposition officer does not stray from the

19   written script of questions and asks only those questions that are on the list from the prisoner and

20   defendants.  To depose a non-party on written questions, that witness must be subpoenaed.  To

21   obtain a deposition upon written questions, the prisoner thus has to pay the witness fee,

22   deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings.  The

23   procedure is not much cheaper than an oral deposition unless there are substantial travel

24   expenses that would be incurred to bring the witness to the prisoner or the prisoner to the

25   witness.  In addition to the cost, the evidence-gathering ability in such a deposition is quite

26   limited. The requirement that the questions all be written and shared in advance means that there

27   is no opportunity for follow-up questions when a witness makes a statement that is unexpected.

28   Finally, poorly worded questions will often result in useless answers.

**United States District Court**
For the Northern District of California

1    <u>Dispositive motions</u>:   In order to expedite the resolution of this case, the following

2  briefing schedule for dispositive motions is set:

3             a.        No later than **December 12, 2014,** defendants must file and serve a motion

4  for summary judgment or other dispositive motion.  If defendants are of the opinion that this case

5  cannot be resolved by summary judgment, defendants must so inform the Court prior to the date

6  the motion is due.  If defendants file a motion for summary judgment, defendants must provide

7  to plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such

8  a motion.  *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).  (The court provided such a

9  notice in the order of service, but it must be provided again at the time the dispositive motion

10  is filed.)  If the motion is based on non-exhaustion of administrative remedies, defendants must

11  comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir.

12  2014).

13             b.        Plaintiff's opposition to the summary judgment or other dispositive motion

14  must be filed with the court and served upon defendant no later than **January 23, 2015**.  Plaintiff

15  must bear in mind the notice and warning regarding summary judgment provided in the order

16  of service as he prepares his opposition to any motion for summary judgment.

17             c.        If defendants wish to file a reply brief, the reply brief must be filed and

18  served no later than **February 6, 2015**.

19       IT IS SO ORDERED.

20  Dated: July 21, 2014                                   _____

21                                                 SUSAN ILLSTON
                                                 United States District Judge

22

23

24

25

26

27

28