UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA (CDCR # AM5700),<br><br>　　Plaintiff,<br><br>　v.<br><br>CITY OF SANTA CLARA; et al.,<br><br>　　Defendants. | No. C 10-2424 SI (pr)<br><br>**DISCOVERY ORDER** |

This is a *pro se* prisoner's civil rights action arising from plaintiff's arrest in Santa Clara, California, on May 23, 2008. Now before the court is plaintiff's request for issuance of four subpoenas and defendants' motion for a protective order allowing them to avoid traveling to a prison in Tehachapi for their depositions.

A.   Plaintiff's Request For Subpoenas

Plaintiff has filed an administrative motion for the issuance of four subpoena duces tecum. The motion is DENIED. Docket # 102. The listed attorney on the subpoena forms is "Charles Garcia, Attorney-In-Fact." *See* Docket # 102-1 at 1. As the court explained in the September 15, 2011 order for service of process, Docket # 36 at 2, a non-attorney cannot represent plaintiff. Plaintiff's request for a subpoena directed at Christopher Pavan and THBC is denied for the additional reasons stated in the July 21, 2013 order denying plaintiff's discovery application. *See* Docket # 69 at 1 ("plaintiff's attempt to subpoena materials from his own expert appears to be either an unnecessarily officious act, or an effort to avoid paying for services rendered, or an effort to get this court to interfere with the murder case pending against plaintiff

in the Riverside County Superior Court.  Those are not legitimate reasons for the issuance of a subpoena. . . . *See* Fed. R. Civ. P. 26(b)(2)(C)(authorizing court to limit scope of discovery otherwise allowable under the rules).")  Plaintiff has requested documents from the Pleasanton Police Department, but fails to explain how the Pleasanton Police Department would have any records potentially relevant to this action that concerns plaintiff's arrest in Santa Clara.  If he wants to renew his application for this subpoena, he needs to explain when he was in the custody of the Pleasanton Police Department, and why and when he made a complaint to the Pleasanton Police Department about an arrest in Santa Clara.

B.        Defendants' Depositions

Plaintiff noticed the depositions of four defendants and scheduled the depositions to take place on the day before and the day after Thanksgiving at the California Correctional Institution in Tehachapi, where plaintiff then was incarcerated. *See* Docket # 84-1.  Defense counsel sent a letter to plaintiff objecting to the proposed location for the depositions because it was more than 300 miles from defendants' homes or place of business, and the inconvenience of the travel was exacerbated by scheduling the depositions adjacent to Thanksgiving.  Docket # 84-2 at 1.  In the same letter, defense counsel asked plaintiff to stipulate to one of several proposed alternative methods for the depositions, i.e., deposition by written questions, depositions by telephone, or a remote deposition by other acceptable electronic means. *Id.* at 1, 5.  The following week, plaintiff sent to defense counsel his objections to defendants' request for production of documents and interrogatories, stating that he "will not be providing responses until the matter of the Defendants making themselves available for their depositions is resolved." Docket # 84-3 at 1.  Defendants then moved for a protective order for the depositions of defendants to occur via written questions, telephone, or other acceptable means, *see* Fed. R. Civ. P. 30(b)(4), at a later date and location more convenient to the deponents.  On January 2, 2015, plaintiff filed an opposition to the motion for a protective order and requested sanctions against defendants and defense counsel for not appearing for the scheduled depositions.

2

Earlier this week, plaintiff notified the court that has been transferred to Salinas Valley State Prison in Soledad, California. That prison is approximately 90 miles from defendants' place of employment. Defendants and plaintiff all are apparently within the Northern District of California. In light of plaintiff's transfer to Salinas Valley, it is unnecessary for the court to decide whether defendants should be required to travel 300 miles to plaintiff's place of incarceration. The dates plaintiff selected for the depositions – i.e., the day before and the day after Thanksgiving – have passed, so it also is unnecessary for the court to decide whether defendants are entitled to a protective order against appearing for depositions on those particular dates.[1] Defendants asked the court to order that the depositions be taken by telephone or other remote means, but that request was premised on a desire to avoid the inconvenience of travel to Tehachapi that is no longer an issue. Defendants' motion for a protective order is DENIED as moot. Defendant's motion for a protective order, and their choice not to show up for the deposition while the motion was pending, does not come close to warranting sanctions.

Plaintiff may conduct the depositions of the defendants within the Northern District of California. Plaintiff may conduct the depositions in-person at Salinas Valley State Prison, by telephone or by other remote means – the choice of method(s) is his.[2] To avoid the possibility of a deponent appearing for a deposition that plaintiff is unable to conduct, plaintiff must confirm the following in writing to defense counsel before the date set for each deposition: (1) that plaintiff has hired a court reporter/stenographer who is ready, willing and able to report the deposition; (2) that he has made arrangements with appropriate prison officials to have access

---

[1] The court notes that setting a deposition at a time and place that ordinarily requires approximately ten hours of driving the day before Thanksgiving and the day after Thanksgiving is the sort of gamesmanship that is no more acceptable from a *pro se* litigant than it is from a licensed attorney. Not only would it be unduly inconvenient for defendants and their counsel to travel on those particular days, Thanksgiving is likely one of the busiest visiting times of the year at a prison, and is difficult to see the need to hold a deposition in a prison visiting area when that area is at its most crowded state.

[2] Plaintiff also may instead conduct depositions by written questions, *see* Fed. R. Civ. P. 31, but should bear in mind the limitations on this procedure discussed in the July 17, 2014 scheduling order (Docket # 81 at 2). Whether to use the deposition upon written questions procedure is plaintiff's choice; the court will not force him to forego oral depositions in favor of depositions upon written questions.

3

to a telephone, computer or videoconferencing equipment needed for the deposition, if he intends to take the deposition remotely; and (3) that he has obtained permission from prison officials to conduct the deposition on the date and time he has selected.

C.      Resolution And Scheduling

For the foregoing reasons:

1.      Defendants' motion for a protective order is DENIED as moot. Docket # 82. Plaintiff's request for sanctions in opposition to that motion is DENIED. Docket # 101.

2.      Plaintiff may conduct an oral deposition of each defendant within the Northern District of California. For each deposition, plaintiff may choose whether to conduct the deposition in person, by telephone or by other remote means.

3.      No later than **January 27, 2015**, defense counsel shall send to plaintiff a list of dates during the following five weeks when each defendant would be available for a deposition. Defense counsel must provide at least 2-3 available dates for each defendant to be deposed.

4.      No later than **February 9, 2015**, plaintiff must send to defense counsel a letter in which he (a) identifies the date, time and location for each defendant's depositions, (b) identifies his proposed method of taking each deposition, (c) provides the name, telephone number and address of the deposition officer and stenographer who will record the deposition, and (d) provides the name and telephone number of any person who will prepare an audiovisual recording of the deposition. In that letter, plaintiff also shall explain whether he has requested and received authorization from prison officials for access to any telephone, computer, or videoconferencing equipment to conduct the depositions. Finally, the letter must give a defendant at least seven days' notice of the date and time of the deposition. It is plaintiff's obligation to arrange for and pay for each deposition.

5.      No later than **January 27, 2015**, plaintiff must mail to defense counsel each of the following documents, if he has not done so yet: (a) his written response to the defendants' interrogatories, (2) his written response to defendants' request for production of documents, and (3) and documents he is producing in response to the request for production of documents. Failure to send these materials to defense counsel by the deadline may result in sanctions

4

including, but not limited to, monetary sanctions, an order barring any testimony from plaintiff, and an order barring the presentation of any documentary evidence on behalf of plaintiff.

6. The court now resets the briefing schedule on defendants' pending motion for summary judgment: No later than **March 16, 2015**, plaintiff must file and serve his opposition to the motion for summary judgment. No later than **March 30, 2015**, defendants must file and serve their reply in support of their motion for summary judgment.

7. Plaintiff's request for a copy of the Local Rules is GRANTED. Docket # 103. A copy of the Northern District of California's Civil Local Rules has been sent to him in a separate envelope.

IT IS SO ORDERED.

Dated: January 13, 2015

_____
SUSAN ILLSTON
United States District Judge