UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 10-cv-02424-SI<br><br>**ORDER SETTING CASE MANAGEMENT CONFERENCE** |

Daniel C. Garcia, an inmate at Salinas Valley State Prison, filed this *pro* se civil rights action under 42 U.S.C. § 1983, alleging numerous claims arising out of his arrest on May 24, 2008 at the Marriott Hotel in Santa Clara, California. Almost all of the claims have been resolved by motions for summary judgment. The claims that remain for adjudication are some of the claims against Santa Clara police officer Lange based on his alleged uses of force on plaintiff in the police car and at the police station. The court referred the action to the *Pro Se* Prisoner Mediation Program, but the action did not settle and Magistrate Judge Vadas has returned the action to the undersigned district judge. In order to move this action toward resolution, the court will set a case management conference to, among other things, set a discovery cut-off and set a trial date.

A telephonic case management conference will be held in this case at **11:00 a.m. on Tuesday, May 17, 2016**. Each party must file and serve a case management statement no later than **May 4, 2016,** in which he: (1) describes specifically the discovery that remains to be done; (2) states the number of months needed for discovery; (3) states whether any further motions will be filed, and specifically identifies those intended motions; (4) states when that party will be ready for trial; (5) provides an estimate of the number of days needed for trial. The parties should be prepared to discuss the types of experts they intend to call as witnesses, if any, and any related

discovery issues. Any discovery not listed on the case management statement as discovery remaining to be done may be disallowed. The case management conference statements need not be jointly prepared. The attorney representing the remaining defendant will initiate the conference call and have plaintiff connected on the telephone call before connecting the conference call to the court. The attorney should call the courtroom deputy in advance to obtain the courtroom telephone number.

Plaintiff is cautioned that he needs to make arrangements to pay witness fees and expert witness fees. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). The *in forma* pauperis statute does not authorize the district court to waive witness fees or expenses paid to the witnesses, *see Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1992); *Tedder*, 890 F.2d at 211-12. Therefore, plaintiff must make arrangements to pay witness fees and travel expenses for any witnesses he intends to call at trial.

**IT IS SO ORDERED**.

Dated: April 12, 2016

SUSAN ILLSTON
United States District Judge