UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>　　　　　Defendants. | Case No. 10-cv-02424-SI<br><br>**ORDER RE: DISCOVERY**<br><br>Re: Dkt. No. 154 |

Before the Court is the parties' joint letter regarding plaintiff Daniel Garcia's motion to compel production of certain personnel records. Dkt. No. 154. Plaintiff seeks to compel responses to two interrogatories and two requests for production, as well as deposition testimony on the same subjects. *Id.* at 1. Plaintiff seeks information regarding, and production of, all complaints made against four officers, Alec Lange, Christopher Bell, Michael Carleton, and Gary Hosman, during specified time periods, as well as disciplinary records, internal affairs documents, and related documents from the same periods.[1] *Id.* To date, defendants have produced only internal affairs investigation information related to the May 2008 incident involving plaintiff. *Id.* Defendants have also offered to produce, for Officer Lange only, internal affairs information and performance-related documents from 2003 to 2008. *Id.* As to all other requested materials, defendants have asserted relevancy and privacy objections. *Id.*

Rule 26(b) defines the scope of discovery under the Federal Rules of Civil Procedure. Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

---

[1] For defendant Lange, plaintiff seeks information from January 2003 to present; for Officer Carleton, from January 2002 to present; for Officer Bell, from January 1998 to present; and for Sergeant Hosman, from January 1998 to present.

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The relevance standard is extremely broad, especially in civil rights excessive force cases. *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Relevant information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery" under the Federal Rules if it determines that, *inter alia*, "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Id.* 26(b)(2)(C).

The Court finds that, with respect to Officer Lange, the discovery plaintiff seeks is relevant. Plaintiff does not seek unlimited access to all of Officer Lange's personnel files, only to internal affairs investigations, disciplinary actions, and civilian complaints. Any such discovery, even after the May 2008 incident, is relevant to plaintiff's remaining excessive force and damages claims against Officer Lange.

As to the non-party officers, however, plaintiff's request is more burdensome on defendants and less likely to aid in the litigation of plaintiff's case. Plaintiff seeks, for Officer Bell and Sergeant Hosman, over 18 years of information, and for Officer Carleton, over 14 years of information: (i) to contest the non-party officers' credibility as witnesses; (ii) because the information may aid plaintiff's claim for punitive damages; and (iii) because the information may help to establish vicarious liability for state law claims. Joint Letter (Dkt. No. 154) at 2-3. The Court is not persuaded that such expansive discovery as to these three non-party officers is reasonable, especially where no *Monell* claim remains. *Cf. Myles v. Cnty. of San Diego*, No. 15-1985, 2016 WL 2343914, at *12-13 (S.D. Cal. May 4, 2016) (discussing relevance of non-party officer information based on *Monell* claims). Officers Bell and Carleton and Sergeant Hosman will almost surely serve as witnesses at trial, having been officers on the scene for the events that eventually led to plaintiff's claims in this case. Nevertheless, the Court finds that, even under an expansive relevancy standard, "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendants also argue that production of the requested documents and information would violate the officers' privacy rights. Joint Letter (Dkt. No. 154) at 4-5. While federal courts

recognize a right of privacy respecting confidential law enforcement records, *see Kelly v. City of San Jose*, 114 F.R.D. 650, 653 (N.D. Cal. 1987), "the privacy interests police officers have in their records do not outweigh a plaintiff's interests in civil rights cases." *Doe v. Gill*, No. 11-4759 CW LB, 2012 WL 1038655, at *4 (N.D. Cal. Mar. 27, 2012) (citations omitted); *see also Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005) (citations omitted) ("In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable."). Officers' personal privacy "may be sufficiently protected with the use of a 'tightly drawn' protective order . . . ."[2] *Gill*, 2012 WL 1038655, at *4. The Court finds that plaintiff's interest in information related to Officer Lange outweighs Officer Lange's privacy interest in that information.

In sum, the Court finds that plaintiff's request for information relating only to defendant Officer Lange is reasonable. Defendants are hereby ordered provide the requested information with respect to Officer Lange, but not as to the three non-party officers. Plaintiff's request that defendants bear the attorneys' fees and costs for a second deposition of Officer Carleton is hereby DENIED as moot.

This order resolves Dkt. No. 154.

**IT IS SO ORDERED**.

Dated: November 28, 2016

SUSAN ILLSTON
United States District Judge

---

[2] The parties have entered into a stipulated protective order in this case. *See* Dkt. No. 139.