1

2

3

4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    DANIEL C. GARCIA,                          Case No.  10-cv-02424-SI

              Plaintiff,
8
                                                **ORDER DENYING PLAINTIFF'S**
9         v.                                    **MOTION FOR RECONSIDERATION**

10   CITY OF SANTA CLARA, et al.,                Re: Docket No. 157

              Defendants.
11

12

13         Before the Court is plaintiff Daniel Garcia's Motion for Reconsideration of the Court's

14   September 9, 2015 order partially granting defendants' motion for summary judgment.  Pursuant

15   to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral

16   argument and hereby VACATES the hearing.  For the reasons below, the Court hereby DENIES

17   plaintiff's Motion for Reconsideration.

18

19                               **BACKGROUND**

20         The Court set forth a detailed factual background in a prior order in this case and will

21   therefore not repeat it here.  *See* Docket No. 116 at 3-7.  In brief, Garcia rented the presidential

22   suite at the Santa Clara Marriott Hotel to host a social gathering in May 2008.  *Id.* at 3.  Santa

23   Clara police arrested Garcia for trespassing pursuant to California Penal Code § 602(o) after

24   Garcia purportedly violated the hotel's no-party policy and refused to vacate the hotel.  *Id.* at 4-5.

25         Garcia's second amended complaint alleges, among other things, that his May 2008 arrest

26   was unlawful and that the defendant police officers used excessive force during and after his

27   arrest.  *See* Docket No. 27.  Until recently, plaintiff was unrepresented in this matter.  Plaintiff is

28   serving a prison sentence for an unrelated crime and has been litigating much of his case from

United States District Court
Northern District of California

prison.[1]

On December 12, 2014, defendants filed a Motion for Summary Judgment. Docket No. 87. After multiple extensions of the briefing schedule necessitated by plaintiff's incarceration, the Court granted defendants' motion, in part, on September 9, 2015. Docket No. 116. The parties attempted mediation and did not settle. The Court then referred this matter for appointment of counsel from the Federal Pro Bono Project. Docket No. 129. Garcia was appointed pro bono counsel on July 13, 2016, Docket No. 132, and sought leave to file a Motion for Reconsideration roughly three months later. Docket No. 145. The Court granted Garcia leave to file this motion for reconsideration on his unlawful arrest claim. Docket No. 156.

## LEGAL STANDARD

### I.  Motion for Reconsideration

District courts have "the inherent procedural power to reconsider, rescind, or modify an interlocutory order" before entry of final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also* Fed. R. Civ. P. 52(b) (providing that any order which does not terminate the action is subject to revision at any time before judgment is entered). Reconsideration is appropriate where a party can demonstrate (1) "reasonable diligence in bringing the motion," and (2) "[t]hat . . . a material difference in fact or law exists from that which was presented to the Court . . . that in the exercise of reasonable diligence the party applying for reconsideration did not know," "[t]he emergence of new material facts or a change of law," or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments." Civil L.R. 7-9(b).

### II.  Summary Judgment

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the

United States District Court
Northern District of California

---

[1] The Court stayed this action for two years during plaintiff's prosecution. Docket No. 60. After plaintiff's conviction, the Court lifted the stay. Docket No. 75.

movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)).  To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

Garcia argues that as an inmate of the California Department of Corrections and Rehabilitation, he was unable to consistently access the prison law library to conduct research, despite his repeated attempts to do so.  Mot. for Recons. (Docket No. 157) at 5-6.  Garcia asserts that he was unable to research and assert new arguments challenging the constitutionality of his arrest until pro bono counsel was appointed.  *Id.* at 6.  Defendants oppose this motion, arguing that Garcia has failed to reference any applicable change in the controlling law or any new facts that would merit reconsideration.  Opp'n (Docket No. 161) at 2.  Defendants further argue that Garcia, a highly educated and competent litigant, raises arguments he reasonably could have raised at summary judgment.  *Id.*

The Court agrees with the defendants that Garcia is an educated, intelligent, and capable litigant; however, Garcia is not a lawyer, and has faced significant barriers in litigating his case.  *See* Decl. Garcia (Docket No. 157-2) ¶¶ 4-10.  The Court finds that reconsideration is appropriate under Civil Local Rule 7-9(b)(1), as Garcia has sufficiently demonstrated both reasonable diligence and the existence of a material difference in law from that presented to the Court at summary judgment.

Garcia urges the Court to reconsider its ruling on his federal and state unlawful arrest claims.  Garcia argues that defendants lacked probable cause to arrest him for trespassing under

United States District Court
Northern District of California

3

California Penal Code § 602(o) because § 602(o) does not apply to hotels and finding otherwise would conflict with California's Unruh Civil Rights Act.  Docket No. 157 at 7-11.  Garcia further contends that there is a genuine dispute of material fact as to whether defendants had probable cause to arrest him under California Penal Code § 602.1, which does apply to hotels, and that granting summary judgment was therefore inappropriate as to his unlawful arrest claims.  *Id.* at 12-17.  Finally, Garcia argues that defendants are not entitled to qualified immunity.  *Id.* at 17.  The Court will address Garcia's arguments in turn.

## I.      Unlawful Arrest

The Fourth Amendment requires that an arrest be supported by probable cause.  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Michigan v. Summers*, 452 U.S. 692, 700 (1981) (stating general rule that an arrest is unreasonable unless supported by probable cause).  An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime.  *Luchtel v. Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010); *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004); *Grant v. City of Long Beach*, 315 F.3d 1081, 1085 (9th Cir. 2002).  Garcia argues that he was subjected to an unlawful arrest because defendants lacked probable cause to arrest him for trespassing under California Penal Code § 602(o).

### A.      California Penal Code § 602(o)

Garcia was arrested for trespassing on private property in violation of California Penal Code § 602(o).  The statute provides, in pertinent part:

> [E]very person who willfully commits a trespass by any of the following acts is guilty of a misdemeanor:
>
> * * *
>
> (o) Refusing or failing to leave land, real property, or structures belonging to or lawfully occupied by another and not open to the general public, upon being requested to leave by (1) a peace officer at the request of the owner, the owner's agent, or the person in lawful possession, and upon being informed by the peace officer that he or she is acting at the request of the owner, the owner's agent, or the person in lawful possession, or (2) the owner, the owner's agent, or the person

in lawful possession. . . .

Cal. Penal Code § 602(o).[2]

Garcia argues that the plain language of § 602(o) renders it inapplicable to hotels, as the section only applies to property "not open to the general public." Docket No. 157 at 7-8. He contends that the Santa Clara Marriott is "open to the general public," because hotels and inns are places of public accommodation. *Id.* at 8-11. Thus, Garcia argues that defendants did not have probable cause to arrest him because § 602(o) does not apply to hotels, places indisputably "open to the general public." *Id.* at 12. Defendants counter that Garcia's arrest was lawful because § 602(o) applies to private hotel rooms. Garcia was asked to leave his hotel room, which was not "open to the general public," and he refused. Docket No. 161 at 3-4. Defendants argue that even property arguably "open to the general public" can be deemed private for purposes of trespass, where specific individuals are prevented from accessing the property in question. *Id.*

The California legislature has not explicitly defined what it means for a property to be "open to the general public" under § 602(o). However, what little case law there is addressing the issue indicates that areas considered "open to the general public" do not require patrons to obtain permission to enter. *Denney v. Takaoka*, No. C-92-0818 FMS, 1993 WL 96602, at *6 (N.D. Cal. March 30, 1993) (finding that university-owned park was "open to the general public" under § 602(n)[3] because "one need not apply for admission" to enter). *See also James v. City of Long Beach*, 18 F. Supp. 2d 1078, 1085 (C.D. Cal. 1998) (finding that baseball stadium "was not open to the public without permission from the baseball team"). Accordingly, certain properties have unquestionably been deemed "open to the general public." *See Han v. City of Los Angeles*, No. CV 14-08592 DDP (AJWx), 2016 WL 2758241, at *4-7 (C.D. Cal. May 12, 2016) (Gilmore Farmers Market); *Hall v. City of Fairfield*, No. 2:10-cv-0508 DAD, 2014 WL 1303612, at *6 (E.D. Cal. March 31, 2014) (In-N-Out Burger); *Hamburg v. Wal-Mart Stores, Inc.*, 116 Cal. App. 4th 497, 507 (1st Dist. 2004) (Wal-Mart store).

---

[2] Further statutory references are to the California Penal Code unless otherwise noted.

[3] Section 602(o) was previously labeled subsection (n) before amendments in 2003. *See* 2003 Cal. Legis. Serv. Ch. 805 (S.B. 993). All references to § 602(n) refer to the current § 602(o).

United States District Court
Northern District of California

However, criminal trespass can still occur on premises considered "open to the general public" if access to the property is somehow restricted. *See James*, 18 F. Supp. 2d at 1085 (finding that baseball stadium was "not open to the public" because access was restricted to ticket-holders). Specific individuals may be forbidden from returning to areas deemed open to the general public. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 474 (9th Cir. 2007) ("While a shopping center, under California law, is generally 'open to the public,' the Notice Forbidding Trespass arguably rendered [the shopping mall] 'not open to the public' with respect to Blankenhorn."). Even if granted permission to enter the premises, individuals may have limited access to particular areas within property that is considered "open to the general public." *See James*, 18 F. Supp. 2d at 1085 (noting that other courts have distinguished between "areas of public facilities for which a ticket is required, and areas which anyone may enter."); *see also People v. Rosales*, 222 Cal. App. 4th 1254, 1263-64 (2d Dist. 2014) (Mosk, J., concurring in part and dissenting in part) (drawing distinction between hotel lobby, which can be accessed by any member of the public, and areas that are extensions of living spaces and thus not generally open to the public).

The Court is not convinced that § 602(o) is facially inapplicable to hotel rooms. Garcia rented the presidential suite at the Marriott Hotel with the intent to "host a small social gathering." Opp'n to Defs. MSJ (Docket No. 112) at 2. Garcia does not dispute that he refused to vacate the presidential suite when asked to leave. *Id.* at 3. Garcia was asked to leave the private hotel suite that he reserved, as opposed to a part of the hotel that could be considered accessible to members of the general public. Although parts of the Santa Clara Marriott Hotel are surely "open to the general public," Garcia's 14th floor guest room was not. *Cf. James*, 18 F. Supp. 2d at 1085; *Rosales*, 222 Cal. App. 4th at 1263-64. Accordingly, the Court finds that § 602(o) was properly applied, and defendants had probable cause to arrest Garcia.

## B.     The Unruh Civil Rights Act

Garcia argues that § 602(o) cannot apply to hotels because such an interpretation would conflict with California's Unruh Civil Rights Act by permitting arbitrary discrimination against

1    hotel guests.  The Unruh Act specifically entitles all individuals, regardless of "sex, race, color,

2    religion, ancestry, national origin, disability, medical condition, genetic information, marital

3    status, or sexual orientation . . . to the full and equal accommodations, advantages, facilities,

4    privileges, or services in all business establishments."  Cal. Civ. Code § 51(b).

5    The Unruh Act protects all individuals against arbitrary discrimination by business

6    establishments.  *In re Cox*, 3 Cal. 3d 205, 211 (1970).  However, the Act does not prevent

7    entrepreneurs from insisting that patrons leave their business premises for good cause.  *Id.* at 216.

8    *See also Stoumen v. Reilly*, 37 Cal. 2d 713, 716 (1951) (en banc) (holding that "the proprietor has

9    no right to exclude or eject a patron 'except for good cause'" so long as patrons of a business

10   establishment are not committing illegal or immoral acts).  Businesses thus retain the right to

11   establish reasonable deportment regulations that are rationally related to the services performed

12   and the facilities provided.  *In re Cox*, 3 Cal. 3d  at 217.  *See also Lazar v. Hertz Corp.*, 69 Cal.

13   App. 4th 1494, 1502 (1st Dist. 1999) (citing cases).

14   Garcia alleges that § 602(o) is unconstitutional as applied to hotels and other properties

15   "open to the general public" because it conflicts with the Unruh Act.  Garcia argues that applying

16   § 602(o) to hotels would permit property owners to evict paying guests simply by asking them to

17   leave, without just cause, in direct conflict with the Unruh Act's prohibition against arbitrary

18   discrimination.  Mot. for Recons. (Docket No. 157) at 8-10.  Defendants argue that Garcia's policy

19   argument is overbroad and inapplicable.  While certain parts of a hotel may be considered "open

20   to the general public" for the purposes of criminal trespass, § 602(o) is directly applicable because

21   Garcia refused to leave his private room, a section of the hotel not open to the general public.

22   Docket No. 161 at 5.

23   Applying § 602(o) in this case does not conflict with the Unruh Act's prohibition against

24   arbitrary discrimination.  The Court understands plaintiff's argument that § 602(o)'s lack of a just

25   cause requirement might invite hotel owners to arbitrarily discriminate against paying guests;

26   nevertheless, the Court declines to find these two California statutory schemes irreconcilable.  As

27   set forth above, Garcia's hotel room was not a place open to the general public.  The hotel sought

28   to evict Garcia for an alleged violation of the hotel's no-party policy.  Docket No. 116 at 3-4.  Any

United States District Court
Northern District of California

claims that the eviction was based on impermissible grounds or violated Garcia's constitutional rights were brought against the hotel, and dismissed, nearly five years ago. *See* Docket No. 57. Defendants had probable cause to arrest Garcia for trespass after he was asked to leave by the hotel, asked again by the police, and refused to do so. *See* Docket No. 116 at 9-11.

## II.      State Law Claim

Garcia argues that there are material issues of fact that prevent entry of summary judgment on his state law false arrest claim. California state law requires a police officer to have probable cause that the person to be arrested has committed a public offense in the officer's presence. Docket No. 157 at 17; Cal. Penal Code § 836(a)(1).

As set forth above, the Court finds that defendants had probable cause to arrest Garcia under § 602(o). Defendants asked Garcia to leave the hotel room and he refused. Thus, Garcia's state law false arrest claim fails for the same reasons as his federal claim.

## III.     Qualified Immunity

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012). The application of qualified immunity depends upon (1) whether the government actor's conduct violated a constitutional right; and (2) whether the unlawfulness of the conduct was apparent under existing law. *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

As shown in the preceding sections, defendants had probable cause to arrest Garcia for trespassing pursuant to § 602(o). Because Garcia is unable to sufficiently allege a constitutional violation, defendants prevail on the first step of the *Saucier* analysis. Accordingly, defendants are entitled to qualified immunity on plaintiff's false arrest claims.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's

United States District Court
Northern District of California

Motion for Reconsideration of Summary Judgment.

  This order resolves Docket No. 157.


   **IT IS SO ORDERED**.

Dated:  December 13, 2016

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28