UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA,<br><br>  Plaintiff,<br><br> v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>  Defendants. | Case No. 10-cv-02424-SI<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** *AD TESTIFICANDUM*<br><br>Re: Dkt. No. 175 |

Before the Court is plaintiff Daniel Garcia's motion for issuance of a writ of habeas corpus *ad testificandum*. Dkt. No. 175. Mr. Garcia is currently incarcerated at Mule Creek State Prison for an unrelated crime and seeks this writ in order to testify in person at his civil rights trial set to begin on May 30, 2017. Mr. Garcia's trial will focus on whether defendant Officer Alec Lange used excessive force during Garcia's May 2008 arrest and later, in the Santa Clara County Jail.

A district court has discretion to issue a writ of habeas corpus *ad testificandum* to permit a state prisoner witness to testify at trial. *See Wiggins v. Cnty. of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983). In doing so, courts are guided by the following four factors: (i) "whether the prisoner's presence will substantially further the resolution of the case"; (ii) any "security risks presented by the prisoner's presence"; (iii) "the expense of the prisoner's transportation and safekeeping"; and (iv) "whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Id.* (citation omitted). Mr. Garcia is serving a life prison term, so a stay is not an option. The Court will focus on the first three factors.

First, Mr. Garcia's presence at trial will, without question, substantially further the resolution of this case. Considering the evidence likely to be presented at trial, the jury's verdict may be largely based on a credibility determination – specifically, whether the jury believes Mr. Garcia's testimony or Officer Lange's. Defendants suggest, as an alternative to live testimony,

either playing video of Mr. Garcia's deposition or having Mr. Garcia testify via video feed from state prison. Neither is an acceptable substitute in this case. Mr. Garcia's presence in court is essential to the jurors' ability to fairly assess his testimony.

Second, Mr. Garcia poses minimal security risk. Although Mr. Garcia is currently serving a life prison sentence for conspiracy and murder for financial gain, Garcia himself did not commit violent acts, and there is no separate evidence that he is a violent or dangerous inmate. *See* Shaffer Decl. (Dkt. No. 175-2) ¶ 18; Garcia Decl. (Dkt. No. 175-22) ¶¶ 2, 5. Defendants argue that Garcia is a security risk because of his conviction. But Garcia represented himself during the 12-week murder trial, unrestrained, in "civilian clothing," was permitted to walk freely in court to present his defense, and did so without incident. Garcia Decl. ¶ 2. The Court does not view Mr. Garcia's appearance at trial as posing a heightened security risk.

Third, although transporting and housing Mr. Garcia during trial will not be inexpensive, any associated costs are reasonable in light of the importance of Mr. Garcia's live testimony in reaching a fair resolution of this case.

On balance, the relevant factors weigh in favor of permitting Mr. Garcia's live testimony at trial. Accordingly, plaintiff's petition for writ of habeas corpus *ad testificandum* is hereby GRANTED. The Court will issue the form of petition docketed by plaintiff as No. 175-1.

This order resolves Dkt. No. 175.

**IT IS SO ORDERED**.

Dated: March 27, 2017

SUSAN ILLSTON
United States District Judge