UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA,<br>Plaintiff,<br>v.<br>CITY OF SANTA CLARA, et al.,<br>Defendants. | Case No. 10-cv-02424-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br>Re: Dkt. No. 221, 237 |

Less than three weeks before trial, plaintiff Daniel Garcia, a prisoner of the state of California, brings this motion for entry of default judgment against the remaining defendants in this 28 U.S.C. § 1983 case. Dkt. No. 221. In brief, Mr. Garcia alleges that defendants failed to answer his second amended complaint, and that such failure constitutes an admission of the allegations therein. Mr. Garcia therefore requests entry of default, which, if granted, would leave only the issue of damages for the upcoming jury trial. Although defendants have not yet filed an opposition to plaintiff's motion, the Court determines that this matter is suitable for resolution without oral argument and, pursuant to Civil Local Rule 7-1(b), vacates the hearing currently set for July 7, 2017. Plaintiff's motion is hereby DENIED.[1]

Plaintiff has failed to show that defendants are in default. Plaintiff's motion for default judgment overlooks the unusual provisions of 42 U.S.C. § 1997e(g)(1), which apply to prisoner complaints brought under § 1983.. Section 1997e(g)(1) allows a defendant to "waive the right of reply" in a civil rights action filed by a prisoner, and provides that "[n]otwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint." The same section also provides, however, that "[n]o relief shall be granted to

---

[1] The parties' stipulation to have this matter heard on shortened time, Dkt. No. 237, is DENIED AS MOOT. The briefing schedule for this motion is hereby vacated.

the plaintiff unless a reply has been filed." The "reply" referred to in § 1997e(g) appears to be the answer to the complaint. *See, e.g.*, *Driver v. Hedrick*, 528 F. App'x 709, 710 (9th Cir. 2013) (memorandum opinion); *Treglia v. Kernan*, No. 12-2522-LHK, 2013 WL 1502157, at *2 (N.D. Cal. Apr. 11, 2013). If a defendant may waive the right of reply, he would not be in default for not filing one. Moreover, despite his protestations to the contrary, plaintiff has suffered no real prejudice from defendants' failure to file a responsive pleading. *See Treglia*, 2013 WL 1502157, at *2.

However, section 1997e(g)(2) provides that the court "may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." At this stage, Mr. Garcia does have such an opportunity, and jury trial is set to commence June 19, 2017. The court therefore requires defendants to file an answer so that this case will be at issue and ready for trial, and so that plaintiff will have official notice of any affirmative defenses.[2] **The remaining defendants must file and serve an answer to the second amended complaint (*i.e.*, Dkt. No. 27), no later than June 7, 2017**.

This order resolves Dkt. No. 221.

**IT IS SO ORDERED**.

Dated: May 31, 2017

SUSAN ILLSTON
United States District Judge

---

[2] This order does not resolve plaintiff's motion *in limine* number 3, Dkt. No. 225, regarding defendants' affirmative defenses. The Court will decide *in limine* motions at another time.