UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 10-cv-02424-SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On June 13, 2017, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning June 19, 2017. All parties were represented by counsel. The following matters were resolved:

**1.** **Number of jurors and challenges:** There will be a jury of 8 members. Each side shall have 4 peremptory challenges.

**2.** **Voir dire:** The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 20 minutes total to question the panel.

**3.** **Jury instructions:** The Court received proposed jury instructions from the parties; substantial disagreements remain between the parties. The parties are directed to meet and confer to resolve as many disputes as possible. **The parties are further directed to provide to the**

**Court no later than Tuesday, June 20, 2017** a succinct statement of the fundamental disagreements in the substantive instructions, together with the (few) competing instructions reflecting those disagreements. The Court will review same and inform counsel prior to closing argument which substantive instructions will be given.

4. **Trial exhibits:** No later than Monday, June 19, 2017, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses).

5. **Timing of trial:** Plaintiff estimates that his case should take 2 trial days, and defendant estimates that his case should take 1 trial day. Further, defendant requests that punitive damages should be bifurcated from liability and general damages. Based on these estimates, and a review of the other materials in the Joint Pretrial Conference Statement, the Court will set the matter for a 3 day trial, as follows: During the first phase, each side shall have up to 30 minutes to present opening statements; each side shall have 7.5 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument. Should a punitive damages phase be required, each side shall have 1 hour to present additional evidence and argument, before final submission to the jury.

6. **Trial schedule:** Jury selection will begin on June 19, 2017, at 8:30 a.m. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate. The Court does not hear trials on Fridays, although juries may continue to deliberate on Fridays.

**7. Motions in limine:** The parties filed approximately 14 motions in limine, as follows:

**PLAINTIFF'S MOTIONS**

**Plaintiff's Motion No. 1**: To exclude evidence and testimony of plaintiff's criminal convictions. GRANTED with respect to plaintiff's plea and conviction related to his May 24, 2008 arrest for Cal. Penal Code § 148(a) (resisting arrest). Defendants concede this evidence should be excluded. *See* Dkt. No. 247 at 1:26-28. GRANTED IN PART and DENIED IN PART with respect to plaintiff's past felony convictions. Federal Rule of Evidence 609 concerns evidence of criminal convictions for the purposes of impeachment. "In [g]eneral[,]" a party may attack "a witness's character for truthfulness by evidence of a criminal conviction" "for a crime that, in the convicting jurisdiction, was punishable by . . . imprisonment for more than one year." Fed. R. Evid. 609(a). The impeachment evidence "must be admitted, subject to Rule 403, in a civil case . . . in which the witness is not a defendant[.]" *Id.* 609(a)(1)(A). Furthermore, "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." *Id.* 609(a)(2). Rule 609(b), which does not apply here, imposes certain limitations on evidence of convictions more than ten years old.

Evidence of plaintiff's prior convictions, in general, is not relevant to the issues in this trial. However, under Rule 609, plaintiff's felony convictions are admissible, with limitations, for purposes of impeachment. No evidence will be allowed concerning the specific nature of plaintiff's felonies, the duration of his sentence(s), or the fact that he remains incarcerated for these crimes. The jury may know that plaintiff has past felony convictions, but the nature of plaintiff's felonies and length of sentence(s) is excluded under Rule 403. At the pretrial conference, defense counsel indicated that plaintiff was convicted of eight felony counts at his recent trial. Upon reflection, the Court is persuaded by plaintiff's counsel's argument that it would be unfairly prejudicial to inform the jury of this number. Instead, the jury may be informed

that plaintiff has suffered "several" or "multiple" felony convictions.

**Plaintiff's Motion No. 2**: To appear unrestrained and in "street clothes." Defendants defer to the Court as this is primarily a security issue. Defendants only request that if the Court grants plaintiff's request not to have *video* of his deposition shown (as his deposition was taken in prison), that the Court hold the same with respect to the officers' depositions. GRANTED IN PART and DENIED IN PART. Plaintiff is permitted to appear at trial in "street clothes," without shackles or restraints on his upper-body. However, plaintiff is serving a life sentence without the possibility of parole for a role he played in the death of another person. He is to remain shackled at the legs, beneath counsel table, during trial. Plaintiff shall enter/exit the courtroom and take/leave the witness stand outside the presence of the jury. The Court will revisit this ruling if security personnel suggest a different arrangement.

The Court further GRANTS plaintiff's request not to have video of his deposition shown during trial. Defendants may play the audio or read from a transcript as and if necessary. For purposes of symmetry, the Court also GRANTS defendants' similar request as to the video deposition of defendant Lange, but will allow plaintiff to display still photos of movements demonstrated by defendant Lange during his deposition.

**Plaintiff's Motion No. 3:** To exclude evidence that contradicts allegations in the complaint or supports undisclosed affirmative defenses. DENIED. This motion is connected to plaintiff's motion for default judgment; plaintiff argued that because defendants failed to file an answer, the allegations in his complaint should be deemed admitted. The Court has denied plaintiff's motion for default judgment on the basis of 42 U.S.C. § 1997e(g)(1), Dkt. No. 238, and would find that the request for default judgment was, in any event, unfairly tardy. Plaintiff also seeks to exclude evidence supporting defendants' claims of "self defense," "privileged conduct," "failure to mitigate," and qualified immunity. Plaintiff argues that these defenses were not properly disclosed, and that he did not have the opportunity to conduct discovery on these topics. Defendants argue that they intend to present evidence at trial as to only two affirmative defenses:

4

(i) "self defense/defense of others"; and (ii) "authorization under California Penal Code §835a to use reasonable force during an arrest." Dkt. No. 249 at 1. Defendants argue that these "issues have been well-known and litigated in this case for literally years." *Id.* Because of the issues in this case, defendants argue that "[p]laintiff cannot realistically claim prejudice by Defendants' recent Answer and the affirmative defenses contained therein."

Defendant Lange's self defense and CPC § 835a affirmative defenses go directly to the heart of whether defendant Lange used reasonable force, and so whether Lange frames it as a CPC § 835a defense or simply an argument that Lange did not use excessive force, plaintiff faces no prejudice at trial. Plaintiff has long known that Lange's position with respect to self defense is that Garcia: (i) tried to bite him in the back of the police car; and (ii) balled his fists and clutched a pen at the County Jail in a manner that made Lange fear a physical attack. To the extent Lange intends to raise any previously undisclosed self defense theories, these will be excluded.

Nor is the qualified immunity issue new. Defendants raised a qualified immunity defense at summary judgment, which the Court denied with respect to the police car and county jail incidents in September 2015. Dkt. No. 116 at 25:9-11, 26:4-6 ("The same factual disputes that preclude summary judgment on the excessive force claim[s] preclude summary judgment on the qualified immunity defense for defendant Lange.").

Plaintiff's motion to exclude evidence supporting undisclosed affirmative defenses is DENIED.

**Plaintiff's Motion No. 4:** To exclude the expert testimony of Robert Fonzi. GRANTED IN PART. Plaintiff argues that Mr. Fonzi's testimony should be excluded because: (i) his anticipated testimony is contrary to the legal standards for excessive force; (ii) he failed to submit an expert report that "provide[s] the basis and reasoning for his opinions" as required by Rule 26; and (iii) many of his opinions are "inadmissible legal conclusions, improper speculation, and impermissible character evidence." Dkt. No. 226 at 1. Defendants acknowledge that Mr. Fonzi's opinions will be limited to those disclosed in his report, but they argue that Mr. Fonzi's opinions should be allowed as they embrace the fact that defendant "Lange's use of force and decisions

5

Northern District of California

1 were in keeping with police standards and training." Defendants further argue that most of plaintiff's objections are "justification for vigorous cross-examination," rather than an *in limine* motion.

The Court finds that Mr. Fonzi's testimony will be helpful to the jury. Many of plaintiff's objections, as defendant notes, are best addressed through cross-examination. However, Mr. Fonzi may not tell the jury which legal conclusions to reach; nor may he opine on the ultimate legal issue in the case by stating that defendant Lange's use of force was reasonable under the circumstances. *See Jaramillo v. City of San Mateo*, No. 13-0441-NC, 2015 U.S. Dist. LEXIS 8796, at *2-3 (N.D. Cal. Jan. 26, 2015). He may "testify as to the standard police practices and training that govern" Santa Clara police officers, standard practices in the industry with respect to use of force, and whether Officer Lange's conduct was in keeping with standard practices, but Mr. Fonzi may not testify as to whether Officer Lange used reasonable force against Mr. Garcia, *i.e.* the ultimate legal issue in this case. *See id.*; *see also Gong v. Jones*, No. 03-5495-TEH, 2008 WL 4183937, at *4 (N.D. Cal. Sept. 9, 2008); *Burdett v. Reynoso*, No. 06-0720-JCS, 2007 WL 4554034, at *1 (N.D. Cal. Nov. 20, 2007). Plaintiff's police practices expert, Timothy Williams, will be held to the same standard.

Further, Mr. Fonzi's first two opinions – regarding reasonable suspicion and probable cause to contact and arrest Mr. Garcia – and the fifth opinion -- concerning propensity for violence -- are irrelevant at this stage in the case, and will be excluded.

Mr. Fonzi's third opinion is impermissible only to the extent that Fonzi opines regarding issues already adjudicated or the ultimate legal issue (including testimony regarding legal factors as to reasonable force). Mr. Fonzi may testify as to the surrounding circumstances and whether Officer Lange's behavior conformed to police practices regarding use of force.

Mr. Fonzi's fourth opinion, essentially that the officers "followed appropriate state law, department policies, and training as it relates to reasonable suspicion, probable cause, arrest, and the use of force" is admissible in part. Mr. Fonzi may not opine that the officers followed appropriate state law. He may not offer an opinion regarding reasonable suspicion, probable cause, and the arrest as these issues have been adjudicated in favor of the officers and are not

relevant to the remaining excessive force claims.

**<u>Plaintiff's Motion No. 5:</u>** To exclude opinion testimony of Lt. Clouse. Lt. Clouse conducted the Professional Standards Unit ("PSU") investigation regarding Mr. Garcia's arrest and the officers' uses of force, an investigation under which the officers were ultimately exonerated. He was not present for or otherwise involved in Mr. Garcia's arrest. Plaintiff argues that Lt. Clouse is a witness "retained or specially employed to provide expert testimony" or "whose duties as [a SCPD] employee regularly involve giving expert testimony," and that Lt. Clouse was required to provide an expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B). He did not provide such a report and, plaintiff argues, should therefore not be permitted to offer opinion testimony.

Defendants propose to elicit testimony from Lt. Clouse "explaining the scope of his [PSU] investigation and how he reached his conclusions." Defendants argue that Lt. Clouse was not "retained or specially employed" as an expert, nor do his "duties as [a SCPD] employee regularly involve giving expert testimony," Dkt. No. 251 at 2, and that Lt. Clouse should thus be permitted to give expert opinion testimony without having provided a report under Rule 26. Finally, defendants argue that even if they should have provided an expert report, Lt. Clouse's PSU investigation report is sufficient, especially in light of plaintiff's full-day deposition of Lt. Clouse regarding his investigation and PSU report.

Regardless of whether Lt. Clouse is a "retained" expert in this case, his opinion testimony will not be admissible in this trial. Lt. Clouse did not witness any of the events surrounding Mr. Garcia's arrest, he merely conducted an internal investigation after the fact. Lt. Clouse may not opine as a purported expert about the uses of force during Mr. Garcia's arrest. His testimony to this effect would rely extensively on hearsay and presents a risk of confusion and prejudice under Rule 403. Lt. Clouse may testify to what he did -- who he interviewed, etc. -- but not what he was told. He may testify that he conducted an investigation, as standard law enforcement procedure, and that no administrative or other penalties were imposed.

**Plaintiff's Motion No. 6:** To exclude testimony about the fact or level of intoxication. GRANTED IN PART and DENIED IN PART. Defendants may offer lay testimony that plaintiff appeared intoxicated, but not whether plaintiff was, in fact, intoxicated. Defendants may also admit statements they refer to in their opposition: from plaintiff's Second Amended Complaint (that "he and his guests had consumed alcohol and were not in a suitable capacity to drive their vehicles from the hotel property") and the Clouse interview (that he felt "pretty buzzed" at the time of the incident). *See* Dkt. No. 252 at 1. To the extent plaintiff has made other, similar admissions or statements, this evidence is also admissible.

**Plaintiff's Motion No. 7:** To exclude evidence of plaintiff's prior litigation history. This motion is unopposed and is GRANTED, without prejudice to reconsideration if necessary in light of trial testimony.

**Plaintiff's Motion No. 8:** To preclude testimony on irrelevant military experience. GRANTED IN PART and DENIED IN PART. Defendants concede that this evidence generally should be excluded under Rule 403. However, when providing Officer Lange's personal background information as a testifying witness, defendants may briefly reference Officer Lange's military service (that he was a Major in the U.S. Army), his years of service, and where he served.

**DEFENDANTS' MOTIONS**

**Defendants' Motion No. 1**: To exclude evidence relating to other complaints or lawsuits involving the officers. GRANTED. A separate order will be filed under seal concerning this motion.

**Defendants' Motion No. 2**: To admit plaintiff's felony convictions for murder and conspiracy. DENIED IN PART and GRANTED IN PART. See ruling on Plaintiff's Motion No. 1.

**Defendants' Motion No. 3:** To preclude plaintiff from litigating claims adjudicated in summary judgment. Defendants seek to prevent plaintiff from "re-litigat[ing] issues . . . adjudicated by the Court – including the propriety of his arrest, the propriety of the uses of force in the hotel hallway, and the propriety of the use of the WRAP." Defendants argue that "[w]hile there may be some relevant factual issues regarding incidents that occurred prior to the police car and County Jail incidents, Plaintiff should be foreclosing [sic] from introducing evidence to the jury, or suggesting that the prior incidents were unlawful." Moreover, defendants seek to prevent plaintiff from "introduc[ing] evidence relating to his claimed sexual assault at the Jail, even though the Court has held that cannot be pursued in this action." GRANTED. Plaintiff states that he has no intention of contesting the legality of the incidents already adjudicated at summary judgment, or introducing evidence concerning the alleged sexual assault. Plaintiff does, however, contend that information concerning the earlier events will provide important context, and the Court agrees. Such evidence will be permitted, provided that plaintiff neither testifies nor argues that any such prior conduct was illegal. Any references to the sexual assault should be redacted from the documentary evidence.

**Defendants' Motion No. 4:** To preclude plaintiff from arguing that words alone constitute an unconstitutional use of force. GRANTED. Plaintiff does not oppose this motion.

**Defendants' Motion No. 5:** To bifurcate punitive damages issue, exclude evidence of defendant's finances during liability phase. GRANTED.

**Defendants' Motion No. 6:** To exclude improper character evidence of defendant Lange. GRANTED with limitations. Plaintiff does not intend to introduce evidence of unrelated acts suggesting that Officer Lange is a homophobe, an alcoholic, or has anger issues. This evidence would be inadmissible. Plaintiff evidently does intend to argue to the jury that Officer Lange "was motivated by anti-homosexual animus, evidenced by Lange's acts *during Mr. Garcia's arrest and detention*." Dkt. No. 245 at 1 (emphasis original). This evidence is admissible.

**IT IS SO ORDERED**.

Dated: June 13, 2017

_____
SUSAN ILLSTON
United States District Judge