UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA,<br>        Plaintiff,<br>   v.<br>CITY OF SANTA CLARA, et al.,<br>        Defendants. | Case No. 10-cv-02424-SI<br><br>**JURY INSTRUCTIONS** |

## INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION NO. 2

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 3**

The evidence you are to consider in deciding what the facts are consists of:

    1. the sworn testimony of any witness;

    2. the exhibits that are admitted into evidence;

    3. any facts to which the lawyers have agreed; and

    4. any facts that I have instructed you to accept as proved.

**INSTRUCTION NO. 4**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 5**

Some evidence was admitted only for a limited purpose. When I instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**INSTRUCTION NO. 6**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 7**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 9**

The evidence that a witness has been convicted of a crime, made a false statement, lied under oath on a prior occasion, etc., may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**INSTRUCTION NO. 10**

Whether or not you have taken notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**INSTRUCTION NO. 11**

You have heard testimony from Timothy Williams, Jr., and Robert Fonzi, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## CLAIM I: VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983

### INSTRUCTION NO. 12

Plaintiff Daniel Garcia has brought a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

### INSTRUCTION NO. 13

In order to prevail on his § 1983 claim against defendant Alec Lange, the plaintiff Garcia must prove each of the following elements by a preponderance of the evidence:

1. that defendant Lange acted under color of state law; and
2. that the acts of the defendant Lange deprived plaintiff Garcia of his particular rights under the United States Constitution as explained in later instructions.

Of the first element, the parties have agreed defendant Lange acted under color of state law. The second element is for you to decide.

If you find the plaintiff Garcia has proved a deprivation of his rights under the Constitution by proving all the elements he is required to prove under these instructions, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff Garcia has failed to prove any one or more of these elements, your verdict should be for the defendant.

### INSTRUCTION NO. 14

As just explained, plaintiff Daniel Garcia has the burden of proving that the acts of defendant Alec Lange deprived him of particular rights under the United States Constitution. In this case, plaintiff Garcia alleges that defendant Lange deprived him of his rights under the Fourth Amendment to the Constitution when the defendant used force against the plaintiff in the back of the patrol car outside the Santa Clara Marriott hotel, and again in the Santa Clara County Jail.

Each incident constitutes a separate claim, and you should make a separate determination

for each incident as to whether the defendant's actions deprived the plaintiff of his rights.

During the trial you have heard evidence concerning plaintiff Garcia's arrest, the use of the WRAP device, and other uses of force in the hotel hallway. Claims related to the arrest, WRAP, and hallway have been dismissed and are not for you to decide in this case. As a result, you may consider these events only insofar as they relate to the Officer Lange's state of mind during the uses of force which occurred in the police cruiser and at the jail.

**INSTRUCTION NO. 15**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and in defending himself. Therefore, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive or unreasonable force during the use of force in the back of the police car, or during the use of force which occurred in the jail.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive or unreasonable force in this case, consider all of the circumstances known to the officer on the scene, including:

    1. the nature of the crime or other circumstances known to the officer at the time force was applied;

    2. whether the plaintiff posed an immediate threat to the safety of the officer or to others;

    3. whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

    4. the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. the type and amount of force used;

6. the availability of alternative methods to subdue the plaintiff;

7. the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

8. whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given.

**CLAIM II: VIOLATION OF STATE LAW CONCERNING BATTERY BY A POLICE OFFICER**

**INSTRUCTION NO. 16**

Plaintiff Daniel Garcia claims that defendant Alec Lange battered him, within the meaning of state law, by using excessive or unreasonable force during the incident in the back of the police car and at the Jail. To establish this claim, plaintiff Garcia must prove all of the following by a preponderance of the evidence:

1. That defendant Lange intentionally touched plaintiff Garcia;

2. That defendant Lange used excessive or unreasonable force during the incident in the back of the police car and/or at the Jail;

3. That plaintiff Garcia did not consent to the use of that force;

4. That plaintiff Garcia was harmed; and

5. That defendant Lange's use of excessive or unreasonable force was a substantial factor in causing plaintiff Garcia's harm.

In deciding whether defendant Lange used excessive or unreasonable force, you must determine the amount of force that would have appeared reasonable to an officer in defendant Lange's position under the same or similar circumstances. You should consider, among other factors, the following:

(a) The seriousness of the crime at issue;

(b) Whether plaintiff Garcia reasonably appeared to pose an immediate threat to the safety of defendant Lange or others; and

(c) Whether plaintiff Garcia was actively resisting arrest or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

# CLAIM III: VIOLATION OF STATE LAW CONCERNING ASSAULT BY A POLICE OFFICER

### INSTRUCTION NO. 17

Plaintiff Daniel Garcia claims that the defendant Alec Lange assaulted him, within the meaning of state law. To establish this claim, plaintiff Garcia must prove all of the following by a preponderance of the evidence:

1. That defendant Lange acted, intending to cause harmful or offensive contact;
2. That plaintiff Garcia reasonably believed that he was about to be touched in a harmful or offensive manner;
3. That plaintiff Garcia did not consent to the defendant Lange's conduct;
4. That plaintiff Garcia was harmed; and
5. That defendant Lange's conduct was a substantial factor in causing plaintiff Garcia's harm.

A touching is offensive if it offends a reasonable sense of personal dignity.

The use of reasonable force by a police officer during the course of an arrest or a booking cannot be an assault.

### INSTRUCTION NO. 18

A plaintiff may express consent by words or acts that are reasonably understood by another person as consent.

A plaintiff may also express consent by silence or inaction if a reasonable person would understand that the silence or inaction intended to indicate consent.

### INSTRUCTION NO. 19

Defendant Lange acted intentionally if he intended to commit a battery or assault plaintiff Garcia, or if he was substantially certain that the battery or assault would result from his conduct.

**INSTRUCTION NO. 20**

Plaintiff Garcia claims that he was harmed by defendant Lange's battery and assault, and that defendant City of Santa Clara is responsible for the harm caused because defendant Lange was acting as its employee when the incident occurred.

If you find that defendant Alec Lange committed a battery or an assault on plaintiff Garcia, within the meaning of these instructions, then the City of Santa Clara is also responsible for any harm caused by the battery or assault.

**DAMAGES**

**INSTRUCTION NO. 21**

It is the duty of the Court to instruct you about the measure of compensatory and/or actual damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find in favor of plaintiff Garcia on his claim for § 1983/excessive force, assault or battery, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. The nature and extent of the injuries;

2. The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future; and

3. The reasonable value of necessary medical care, treatment, and services received to the present time.

It is for you to determine what compensatory and/or actual damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**INSTRUCTION NO. 22**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**INSTRUCTION NO. 23**

On the verdict form, you will also be asked to make a finding on whether defendant's conduct was "malicious, oppressive, or in reckless disregard of plaintiff's rights."

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

Depending on your determination of this issue, there may be an additional brief court proceeding.

## CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 24

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### INSTRUCTION NO. 25

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about

14

your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 26**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever

attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 27**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.