UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 10-cv-02424-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**<br><br>Re: Dkt. No. 289 |

In this 42 U.S.C. § 1983 action, plaintiff Daniel Garcia alleged that Santa Clara Police officers violated his constitutional rights by, *inter alia*, unlawfully arresting him at the Santa Clara Marriott Hotel, and by using excessive force in effecting that arrest. In September, 2015, the Court granted partial summary judgment for the defense, including on plaintiff's claims for unlawful arrest and for excessive force in the Santa Clara Marriott hallway. Dkt. No. 116. After receiving court-appointed counsel, plaintiff brought a motion for reconsideration of the Court's summary judgment ruling, Dkt. No. 157, which the Court denied, Dkt. No. 163. For purposes of this order, the Court assumes that the parties are familiar with the facts of this case and therefore foregoes a more detailed factual recitation.

After a four-day trial in this matter, the jury returned a verdict for the sole remaining defendant, Officer Alec Lange, and against plaintiff. *See* Jury Verdict (Dkt. No. 272). The Court entered judgment accordingly. Amended Judgment (Dkt. No. 287). Now before the Court is plaintiff's motion for a new trial. Dkt. No. 289. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for resolution without oral argument. The Court hereby VACATES the hearing scheduled

for September 1, 2017 and, for the reasons set forth below, the Court DENIES plaintiff's motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(a)(1) states, "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1). As the Ninth Circuit has noted, "Rule 59 does not specify the grounds on which a motion for a new trial may be granted . . . ." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Instead, the court is "bound by those grounds that have been historically recognized." *Id.* "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000).

**DISCUSSION**

Plaintiff argues that the Court should grant a new trial in his case because, by granting summary judgment on certain of plaintiff's unlawful arrest and other excessive force claims, the Court necessarily prejudiced the verdict on the remaining claims submitted to the jury. For the reasons set forth in the Court's prior rulings on these issues, *see* Dkt. Nos. 116, 163, the Court finds that a new trial is unwarranted. Plaintiff's motion is DENIED.

2

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for new trial is DENIED.

This order resolves Dkt. No. 289.

**IT IS SO ORDERED**.

Dated: August 16, 2017

SUSAN ILLSTON
United States District Judge